Tommy THOMAS, Sheriff of Harris County, Appellant,

v.

Jeanne LONG, Appellee.

No. 14–02–00251–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 9, 2003.

Barbara Baruch, Michael R Hull, Houston, for appellants.

Ajay Choudhary, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

Tommy Thomas, Sheriff of Harris County (the "Sheriff"), appeals a partial summary judgment granted in favor of Jeanne Long on the grounds that the trial court lacked jurisdiction over Long's action. We dismiss the appeal for lack of jurisdiction.

### Background

After her employment with the Sheriff's Department (the "Department") was terminated in June of 2000, Long appealed the termination to the Harris County Sheriff's Department Civil Service Commission (the "Commission"). In September of 2001, the Commission overturned the termination and ordered Long returned to work with no loss of seniority or benefits, but denied her claim for reimbursement of (back) wages.

A dispute thereafter arose between the parties as to whether, in connection with Long's return to work, she would be required to undergo the testing required by the Department Manual for employees who were absent from duty for more than twelve consecutive months. Long filed suit in District Court against the Sheriff in his official capacity seeking: (1) a mandamus directing the Sheriff to return her to work without testing; (2) a declaratory judgment that she should be returned to work without complying with the Department's testing procedures; and (3) an award of back pay and damages for retaliation for filing a discrimination charge with the Texas Commission on Human Rights.

After the parties filed cross motions for summary judgment, the trial court signed interlocutory partial summary judgment orders: (1) declaring that, under the Commission's order, Long was not required to perform any tests as a condition to returning to work or to apply for re-employment; (2) dismissing Long's request for mandamus relief; and (3) recognizing that the only remaining claims were Long's claims for retaliation, back pay, and attorney's fees.

On appeal, the Sheriff's sole point of error asserts that the trial court lacked jurisdiction over Long's claims for the following reasons: (1) the Commission has exclusive jurisdiction over grievances and disciplinary appeals of Department employees; (2) Long failed to appeal the Commission's order, file a new grievance, or otherwise exhaust her administrative remedies regarding the testing requirement before filing this action in the trial court; (3) the Declaratory Judgment Act [1] does not allow courts to declare the meaning of judgments and orders, such as the Commission's order; and (4) the County's sovereign immunity has not been waived with regard to Long's claim for back pay.

### Jurisdiction Over Interlocutory Appeal

An appeal may generally be taken only from a final judgment. *Lehmann*

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1997 & Supp.2003)

*v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001).[2] Accordingly, appellate courts have jurisdiction over appeals of interlocutory orders only if a statute explicitly allows it. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). Orders from which an interlocutory appeal may be taken include the granting or denial of a plea to the jurisdiction by a governmental unit and the denial of motions for summary judgment based on certain grounds which do not include lack of subject matter jurisdiction or declaratory relief. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.2003).

■ In this case, the Sheriff filed with his answer a partial "plea in bar"[3] against Long's reinstatement claims (*i.e.,* those other than for retaliation) based on the exclusive or primary jurisdiction of the Commission over Long's claims. Lack of jurisdiction based on the exclusive jurisdiction of the Commission was also a ground for the Sheriff's partial motion for summary judgment. The three orders signed by the trial court reflect rulings on the cross motions for partial summary judgment, but no express ruling on the Sheriff's "plea in bar." Because one of the three orders specifically acknowledges that claims remain in the lawsuit, and our record contains no severance order, there is no final judgment disposing of all the issues and parties. In addition, because our record does not contain an order granting or denying a plea to the jurisdiction, and because section 51.014(a) does not include an appeal of the denial of summary judgment based on lack of subject matter jurisdiction, that statute does not explicitly provide that we have jurisdiction over this interlocutory appeal. *See Stary,* 967 S.W.2d at 352–53. Therefore, we may not exercise jurisdiction over it.

## Challenges to Trial Court's Jurisdiction

Moreover, even if the denial of the Sheriff's motion for partial summary judgment based on lack of jurisdiction could be viewed as the denial of a plea to the jurisdiction under section 51.014(a), it would allow us to review only his claim of exclusive jurisdiction. This is because: (1) to the extent the Commission had primary, but not exclusive, jurisdiction over Long's claims, the trial court would not lack jurisdiction over them;[4] (2) if the Commission's order was not the proper subject of declaratory relief, the trial court only misapplied the Declaratory Judgment Act, it was not deprived of jurisdiction over it; and (3) regardless whether the Sheriff's department is immune from *liability* for Long's claims for back pay, the Sheriff's brief has not established that it is immune from *suit* on those claims, as would be necessary to establish the trial court's lack of jurisdiction over those claims.[5]

---

**2.** A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Lehmann,* 39 S.W.3d at 195.

**3.** As contrasted from a plea in bar, which, if sustained, results in a take-nothing judgment, a plea to the jurisdiction is a dilatory plea which, if sustained, results in a dismissal without regard to the merits of the claim. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *Tex. Highway Dep't v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967).

**4.** *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 220 (Tex.2002) (noting that, despite similar terminology, primary jurisdiction is prudential whereas exclusive jurisdiction is jurisdictional).

**5.** *See, e.g., Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002) (contrasting immunity from liability, which does not affect a trial court's jurisdiction, from immunity from suit, which deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction).

As to the Sheriff's contentions regarding exclusive jurisdiction, he is correct that, when an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's claim. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex. 2002). Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *Id.*

However, an agency has exclusive jurisdiction only when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *See id.* Whether an agency has exclusive jurisdiction depends upon statutory interpretation. *Id.* Because the question of subject matter jurisdiction is thus a legal question, a trial court's ruling on a plea to the jurisdiction is reviewed *de novo. See State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002).

In this case, the only statute cited by Sheriff Thomas in support of his exclusive jurisdiction claim essentially states that the Commission shall "adopt, publish, and enforce rules" regarding, among other things, employee disciplinary actions and grievance procedures. However, this language does not expressly refer to exclusive jurisdiction, and the Sheriff has not cited a case holding that this or similar statutory or regulatory language is sufficient to confer exclusive jurisdiction.[6] Under these circumstances, even if we had jurisdiction to decide this appeal, we would lack a sufficient basis to sustain the Sheriff's contentions. Accordingly, the appeal is dismissed for lack of jurisdiction.

---

6. An example of statutory language conferring exclusive jurisdiction is found in section 3.01(a) of article 4413(36) of the Texas Revised Civil Statutes: "The board has the exclusive, original jurisdiction to regulate those aspects of the distribution, sale, and leasing of motor vehicles as governed by this Act...." *See Subaru,* 84 S.W.3d at 223; Tex.Rev.Civ. Stat. Ann. art. 4413(36), § 3.01(a) (Vernon Supp.2003)