IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00098-CV

 

City of Waco, Texas,

                                                                      Appellant

 v.

 

Louis E. Bittle,

                                                                      Appellee

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2002-1910-3

 



O p i n i o n



 








This appeal arises from an alleged
violation of Texas Local Government Code Chapter 143, Fire Fighters’ and Police
Officers’ Civil Service Act.  Due to
failure to exhaust administrative remedies, we will vacate the judgment and
dismiss the case for lack of jurisdiction.

On September 5, 2001, Louis Bittle, a Waco fire fighter, was indefinitely suspended for
failing a breath-alcohol test given with a promotional exam.  Bittle timely appealed the indefinite
suspension to a third party hearing examiner.[1]  A hearing was held on Nov. 28,
 2001, and a decision
was issued on Jan. 28, 2002, which stated in relevant part:

Since the City has not met its burden of
establishing that Louis Bittle was under the influence, indefinite suspension
is not the appropriate remedy.  Mr.
Bittle is to be reinstated to the position he held August 31, 2001.  He is
entitled to a new promotional physical. 
Then, upon reinstatement on February 15, 2002, he will submit to a physical so the City’s
promotion policies can be complied with, and he can be, upon passing the
physical, promoted to lieutenant.

 

The arbitrator maintains jurisdiction to assist
the parties.

 

Bittle was
reinstated and returned to work on February 15, 2002. 
Subsequently he inquired to the City whether he would receive back pay
for the period between September 5, 2001[2] and February 14, 2002.  Because
the hearing examiner’s decision did not mention back pay, the City requested
reconsideration[3]/clarification
of whether Bittle was entitled to back pay. 
The City argued Bittle was not entitled to back pay because the time he
was off without pay is the appropriate discipline for failing the
breath-alcohol test and for failing to mitigate his damages,[4]
and that there is no evidence in the record upon which to base such an
award.  On March 7, 2002, the hearing examiner issued a decision denying
the reconsideration and provided the clarification regarding the back pay as
follows:

Having found that the City failed to meet its
burden of proof, we ordered Mr. Bittle to be reinstated to the position he held
August
 31, 2001.  He is entitled to compensation for the actual
time lost as a result of the suspension. 
He is entitled to the wages he would have earned had he not been
improperly suspended.  All his rights and
benefits are restored.  If there is no
basis for disciplinary action, there is no basis to treat the period of time it
took to reinstate Louis Bittle as time off without pay.  He is returned to work with back pay, minus
interim earnings.

 

Award

 

Mr. Louis Bittle is to be paid all wages and
benefits due from September 5, 2001, to his reinstatement on February
 15, 2002, minus interim
earnings.[5]

 

On April 24,
 2002, Bittle sent a
written demand to the City to comply with Tex.
Loc. Gov’t Code § 143.053(f), which states:

(f) . . . If the suspended fire fighter or
police officer is restored to the position or class of service from which the
person was suspended, the fire fighter or police officer is entitled to:

(1) full
compensation for the actual time lost as a result of the suspension at the
rate of pay provided for the position or class of service from which the person
was suspended; and

(2) restoration
of or credit for any other benefits lost as a result of the suspension,
including sick leave, vacation leave, and service credit in a retirement
system.  . . .

 

Tex. Loc.
Gov’t Code § 143.053(f) (Vernon
Supp. 2004-2005) (emphasis added).

Up to the suspension date, Bittle
had accrued the following hours of leave: 1268.5 sick, 216 vacation, and 48
holiday.  On September 17, 2001, the City treated Bittle’s suspension as a termination
and paid him $20,462.23, which was a “cash out” of the following hours of
leave: 1080 sick, 216 vacation, and 48 holiday.

When Bittle did not receive the back
pay he demanded, he filed suit for: a declaratory judgment, a writ of mandamus,
and attorney’s fees.  He alleged:

(1)  
The
decision of the hearing examiner is final and binding on all parties.

(2)  
Defendant
has failed to comply with the final decision of the hearing examiner and Texas
Local Government Code § 143.053(f).

(3)  
Plaintiff
is entitled to mandamus relief requiring the City to pay him “full compensation
for the actual time lost as a result of the suspension,” pursuant to Texas
Local Government Code § 143.053(f).

 

The City responded that it offered
to restore Bittle’s sick, vacation, and holiday leave accruals to his
pre-suspension amounts and then pay the back pay by paying the difference
between the total back pay and the “cash out” Bittle already received and
interim wages.  Bittle refused the City’s
offer to offset and wanted to accept less restoration of leave, retain the
money from the “cash out”, and be paid his back pay.[6]  The City filed a plea to the jurisdiction and
a counterclaim seeking declaratory judgment regarding the manner it could pay
the back pay (i.e., whether section
143.053(f) allowed the offset it proposed) and sought its own attorney’s fees.

Bittle filed a motion for summary
judgment, which was granted on Feb. 17, 2003.  The
Final Summary Judgment states in relevant part:

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that the January 28, 2002, decision of the hearing examiner is final and
binding on all parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that Defendant has failed to comply with the final decision of the hearing
examiner and Texas Local Government Code § 143.053(f). 

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that Plaintiff is entitled to mandamus relief requiring the City to (1) pay him
“full compensation for the actual time lost as a result of the suspension” (in
the total sum of $19,914.56), and (2) restore and give credit to Plaintiff for
sick leave, vacation leave, and holiday leave lost as a result of the
suspension (263.5 hours of sick leave[7],
75 hours of vacation leave, and 48 hours of holiday leave), pursuant to Texas
Local Government Code § 143.053(f), for which a writ of mandamus shall be
issued by the Clerk of the Court to be served on Defendant.[8]

 

. . . 

 

All relief requested in this case and not
expressly granted is denied.  This
judgment finally disposes of all parties and claims and is appealable.

 

The City now appeals the trial
court’s summary judgment in two issues: (1) error in granting summary judgment
when there was a genuine issue of material fact as to whether the City “failed
and refused” to comply with the hearing examiner’s decision or Texas Local
Government Code section 143.053(f) when the City sought a declaratory judgment;
and (2) error in granting summary judgment when there was a genuine issue of
material fact as to whether Bittle’s attorney’s fees were reasonable and
necessary.

JURISDICTION

Among its other
arguments, the City says Bittle was not entitled to mandamus relief because he
did not exhaust his administrative remedies under Chapter 143.  The City asserts that because it is the duty
of the commission to determine if Chapter 143 is being obeyed, Bittle should
have taken his post-examiner dispute to the commission.

Bittle says he is
not appealing the hearing examiner’s decision—he is trying to enforce it.  He states that mandamus is an appropriate
remedy to enforce a final hearing examiner’s decision when the City refuses to
comply with the decision and the Act.

If an administrative
agency has exclusive jurisdiction, a party must exhaust all administrative
remedies before seeking review of the agency’s action.  Cash
Am. Int’l, Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000). 
Until the party has exhausted all administrative remedies, a trial court
lacks subject matter jurisdiction and must dismiss any claim within the
agency’s exclusive jurisdiction.  Subaru of Am. v. David McDavid Nissan,
84 S.W.3d 212, 221 (Tex. 2002) (citing Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830
S.W.2d 88, 90 (Tex.1992); Tex. Bd. of
Exam'rs in Optometry v. Carp,
162 Tex. 1, 343 S.W.2d 242, 246 (Tex.1961)).

We agree with the
City that the dispute is grounded in whether the City violated Chapter 143 of
the Texas Local Government Code.  It was
clear that Bittle’s contention was that the City was violating section
143.053(f) by failing to pay the back pay using his method of calculation (i.e., no offset).  Thus, if the commission had exclusive
jurisdiction over disputes arising out of Chapter 143, the trial court lacked
subject matter jurisdiction over the underlying lawsuit.  Our only inquiry then is whether the commission
had exclusive jurisdiction over the dispute.[9]

An agency will have
exclusive jurisdiction only when a pervasive regulatory scheme indicates that
the Legislature intended for the regulatory process to be the exclusive means
of remedying the problem to which the regulation is addressed.  See
David McDavid Nissan, 84 S.W.3d at 221. 
Whether an agency has exclusive jurisdiction is a question of law.  Id. at 222.  

The purpose of the Fire
Fighters’ and Police Officers’ Civil Service Act (“Act”) is: “to secure
efficient fire and police departments composed of capable personnel who are
free from political influence and who have permanent employment tenure as
public servants.”  Tex. Loc. Gov’t Code § 143.001(a) (Vernon 1999). 
“The members of the Fire Fighters’ and Police Officers’ Civil Service
Commission shall administer this chapter in accordance with this purpose.”  Id. at § 143.001(b).  “The commission or a commission member
designated by the commission may investigate and report on all matters relating
to the enforcement and effect of this
chapter and any rules adopted under this chapter and shall determine if the chapter and rules are being obeyed.”  Id. at § 143.009(a) (emphasis added).  The legislature provided the commission with
tools to ensure compliance with Chapter 143. 
Id. at § 143.009(b) (administer oaths, issue
subpoenas, and cause depositions of witnesses).

Based on Texas Local
Government Code sections 143.001 and 143.009, we believe the commission’s role
was designed to create a fair, consistent, and orderly process to ensure
Chapter 143 is being obeyed.  See City of Houston v. Jackson, 42
S.W.3d 316, 322 (Tex. App.—Houston [14th Dist.] 2001, pet. dism’d w.o.j.).  The commission has specifically been given
the authority to ensure the enforcement of Chapter 143 and to determine if
Chapter 143 and the rules promulgated pursuant to Chapter 143 are being
obeyed.  Tex. Loc. Gov’t Code § 143.009 (Vernon 1999); see
also City of Garland v.
Byrd, 97 S.W.3d 601, 606 (Tex.
App.—Dallas 2002, pet. denied) (citing Tex.
Local Gov’t Code § 143.009).

We acknowledge that the
Act does not explicitly state the commission has “exclusive jurisdiction” over
a Chapter 143 dispute nor does it provide an explicit method to enforce a
decision of a hearing examiner.  However,
we believe the legislature intended that judicial intervention be the last
resort in disputes between civil servants and their employers arising under
Chapter 143.  We further note that a
firefighter who is dissatisfied with a decision of the commission, as opposed
to a hearing examiner, has an unfettered right to appeal to a district
court.  Tex.
Loc. Gov’t Code § 143.015 (Vernon 1999).

We conclude that the
commission has exclusive jurisdiction[10]
over Chapter 143 disputes.  The Act is a
pervasive regulatory scheme that indicates the Legislature intended for the
appeal process to the commission to be the exclusive means of remedying a
dispute that alleges a violation of the Act.[11]  See
David McDavid Nissan, 84 S.W.3d at 221. 
Bittle failed to exhaust his administrative remedies by not taking this back
pay/leave dispute to the commission for resolution.  Because he failed to exhaust his
administrative remedies, the district court lacked subject matter jurisdiction.  See David
McDavid Nissan, 84 S.W.3d at 221.

CONCLUSION

Because we find the
trial court lacked subject matter jurisdiction, we vacate the judgment and
dismiss this case.  Tex. R. App. P. 42.3(e).

 

 

FELIPE REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
dissenting)

Dismissed for lack of jurisdiction

Opinion delivered and filed November
 10, 2004

[CV06]











    [1]       A fire fighter can appeal an indefinite
suspension to an independent third party hearing examiner instead of to the
Fire Fighters’ and Police Officers’ Civil Service Commission (commission).  Tex.
Loc. Gov’t Code § 143.057(a) (Vernon 1999). 
The hearing examiner's decision is final and binding on all parties, and
the appealing fire fighter automatically waives all rights to appeal to a
district court except as provided by subsection (j).  Id. at 143.057(c) Subsection (j) allows an appeal
to a district court only on the grounds that the examiner was without
jurisdiction or exceeded his jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means. 
Id. at § 143.057(j).





 

    [2]       Bittle was on administrative leave with
pay from August 31, 2001 to September 4, 2001.





 

    [3]       The City argued for reconsideration for
reasons unrelated to this appeal.





 

    [4]       The City argued that Bittle could have
sought reconsideration with the City Manager to take advantage of the savings
clause.





    [5]       This reconsideration/clarification
decision did not state that “[t]he arbitrator maintains jurisdiction to
assist the parties” as the original decision did.  The statute is silent about the duration of
the examiner’s jurisdiction, and we express no opinion about it.





    [6]       Bittle argues that “his rights and
benefits lost as a result of the suspension” only include the 188.5
hours of sick leave that were not “cashed out”, and the benefits he would have
accrued during his time of suspension (75 hours sick leave, 75 hours vacation
leave, and 48 hours holiday).

 





    [7]       188.5 sick leave hours not “cashed out”
and 75 sick leave hours accrued during time of suspension.





    [8]       The Court also awarded Bittle reasonable
and necessary attorney’s fees in the amount of $14,600.00 for the prosecution
of the suit in the trial court and an additional $10,000.00 in attorney’s fees
in the event of an appeal.





    [9]       Issues of subject matter jurisdiction
cannot be waived by the parties and may be raised for the first time on
appeal.  Tex. Ass’n
of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440,
445 (Tex. 1993).





    [10]      Subject to the employee’s right to choose
a hearing examiner instead of the commission.





 

    [11]      We note Thomas v. Long, 97 S.W.3d 300, 303 (Tex. App.—Houston [14th Dist.] 2003, pet. granted), where the
court found the Sheriff’s Department Civil Service Commission did not have
exclusive jurisdiction.