IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00337-CV

 

Randall C. Boyd,

                                                                      Appellant

 v.

 

Koons, Fuller, 

Vanden Eykel & Robertson, P.C.,

                                                                      Appellee

 

 

 



From the 116th District Court

Dallas County, Texas

Trial Court # 02-09480-F

 



MEMORANDUM 
Opinion



 








This is a legal malpractice action
in a divorce and child custody case.  The
trial judge granted a traditional motion for summary judgment in favor of
Koons, Fuller, Vanden, Eykel & Robertson, P.C. (“Fuller”).  Randall C. Boyd, Fuller’s client, appeals in
one issue: Is there an issue of fact as to whether Fuller’s negligence was a
substantial cause of Boyd’s divorce not having been finalized before Boyd
received certain stock and options?  We
will overrule Boyd’s issue and affirm the summary judgment.

 

BACKGROUND

A Mediated Settlement Agreement (“MSA”)
was entered in May 1997.  Boyd’s wife
Ginger and their daughter Ashley (through her attorney) contested the MSA in
August 1997 because: (1) it did not comply with the Family Code (requirement to
name the county of residence or the conservator with exclusive right to
establish primary residence); (2) Boyd did not disclose a bonus that was
already due in the amount of $230,000; and (3) the MSA was not in Ashley’s best
interest.  Boyd filed a motion to enforce
the MSA.  A hearing was held on the
motion to enforce in September 1998.  In
April 1999, the motion to enforce was denied because the MSA did not consider
“the bonus money which might have affected the allocation decisions made by the
Petitioner and is unenforceable with respect to the visitation and access
issues.”  However, in July 1998, Boyd had
received a stock and options bonus worth $8,000,000.  A divorce decree was entered in the fall of
1999, which considered the $8,000,000 bonus received in July 1998 as part of
the community estate and divided the bonus with Ginger.

Boyd sued Fuller for legal
malpractice claiming Fuller: (1) failed to investigate the extent of the
community estate; (2) advised Boyd that he did not have to disclose the
$230,000 bonus already due; and (3) drafted an MSA that was not compliant with
the Family Code.  He argues that these
negligent actions delayed the final decree and allowed the July 1998 bonus
worth $8,000,000 to become community property.

Fuller filed a traditional motion
for summary judgment challenging the causation element of legal
malpractice.  The motion was granted.




ARGUMENTS

Boyd argues that Fuller’s negligence
caused the delay in the finalization of the divorce.  He argues that without these negligent acts,
there would have been no grounds to challenge the MSA.  He asserts that his expert raised a fact
issue as to causation with testimony that there would have been “no basis on
which to move to set aside the MSA,” and “[w]ithout a basis for moving to set
aside the [MSA], an attorney would be highly unlikely to file such a motion and
even less likely to continue to pursue it as late as July of 1998.”

Fuller argues that the delay was
attributable to: (1) the court’s delay in having a hearing on the motion to
enforce; (2) Boyd and Ginger could never have agreed on enforceable visitation
and access provisions; and (3) Boyd’s expert testimony was purely speculative
and does not raise a fact issue on causation. 
The lawyers for Ginger and Ashley testified that they would have challenged
the MSA regardless of Fuller’s negligence because Ashley “violently” opposed
the visitation and access provisions. 
Ashley’s attorney further stated that he would have challenged the
agreement on whatever reasonable and ethical grounds he could have come up
with, including a family law court’s ability to set aside agreements that are
not in the child’s best interest.  He
testified that, if this approach failed, he would have sought a
modification.  Ginger’s attorney
testified that: “I would have pursued this claim on behalf of Mrs. Boyd so long
as I had a client and some judge told me not to – had not told me to go home,
that I didn’t have anything to do; in other words, get out of my
courtroom.  Whether she would’ve come in
with a decree based on this MSA, or just the MSA, I would’ve attacked it.”  Fuller’s expert testified that the “primary
factor in the harm that Mr. Boyd suffered was the judge’s failure to hold a
hearing on the motion for enforcement.”

SUMMARY
JUDGMENT

Standard
of Review

We review the decision to grant or
deny a summary-judgment motion de novo.  See
Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet.
denied).  The standards for reviewing a
traditional motion for summary judgment are well established.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
The movant has the burden of showing that no genuine issue of material
fact exists and that he is entitled to the summary judgment as a matter of
law.  American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash
v. Hack Branch Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001,
pet. denied).  The reviewing court must
accept all evidence favorable to the non-movant as true.  Nixon,
690 S.W.2d at 549; Ash, 54 S.W.3d at
413.  Every reasonable inference must be
indulged in favor of the non-movant and all doubts resolved in its favor.  American
Tobacco, 951 S.W.2d at 425; Ash,
54 S.W.3d at 413.  If the movant for
summary judgment is a defendant, then the movant must negate at least one of
the elements of the non-movant's cause of action, or, alternatively, the movant
must conclusively establish each element of an affirmative defense.  Clifton
v. Hopkins, 107 S.W.3d 755, 757 (Tex. App.—Waco 2003, pet. denied).  The non-movant need not respond to the motion
for summary judgment unless the movant meets its burden of proof.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999).  But if the movant meets its burden of proof,
the non-movant must present summary-judgment evidence to raise a fact
issue.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

 

Legal
Malpractice

To recover on a claim for legal
malpractice, the plaintiff must establish: (1) the attorney owed the plaintiff
a duty, (2) the attorney breached that duty, (3) the breach proximately caused
the plaintiff's injuries, and (4) damages occurred.  Peeler
v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995).  The
proximate cause element of a legal malpractice claim requires proof that the
plaintiff would have prevailed in the underlying action but for the attorney’s
negligence.  Schlager v. Clements, 939 S.W.2d 183, 186-87 (Tex. App.—Houston
[14th Dist.] 1996, no writ).

Causation

A matter is conclusively established
if ordinary minds could not differ as to the conclusion to be drawn from the
evidence.  Ridenour v. Herrington, 47 S.W.3d 117, 120 (Tex. App.—Waco 2001,
pet. denied) (citing Triton Oil & Gas
Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex.
1982)); accord Appleton v. Appleton, 76 S.W.3d 78, 83 (Tex. App.—Houston [14th
Dist.] 2002, no pet.).  We conclude that the
record conclusively establishes that the negligent acts of Fuller did not cause
the $8,000,000 bonus to become community property.  See
Ridenour, 47 S.W.3d at 120.

We overrule Boyd’s single issue.




CONCLUSION

Having overruled Boyd’s single
issue, we affirm the summary judgment.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief Justice Gray
dissenting)

Affirmed

Opinion delivered and filed January
 5, 2005

[CV06]






an>

Bittle filed a motion for summary
judgment, which was granted on Feb. 17, 2003.  The
Final Summary Judgment states in relevant part:

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that the January 28, 2002, decision of the hearing examiner is final and
binding on all parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that Defendant has failed to comply with the final decision of the hearing
examiner and Texas Local Government Code § 143.053(f). 

IT IS FURTHER ORDERED, ADJUDGED AND DECLARED
that Plaintiff is entitled to mandamus relief requiring the City to (1) pay him
“full compensation for the actual time lost as a result of the suspension” (in
the total sum of $19,914.56), and (2) restore and give credit to Plaintiff for
sick leave, vacation leave, and holiday leave lost as a result of the
suspension (263.5 hours of sick leave[7],
75 hours of vacation leave, and 48 hours of holiday leave), pursuant to Texas
Local Government Code § 143.053(f), for which a writ of mandamus shall be
issued by the Clerk of the Court to be served on Defendant.[8]

 

. . . 

 

All relief requested in this case and not
expressly granted is denied.  This
judgment finally disposes of all parties and claims and is appealable.

 

The City now appeals the trial
court’s summary judgment in two issues: (1) error in granting summary judgment
when there was a genuine issue of material fact as to whether the City “failed
and refused” to comply with the hearing examiner’s decision or Texas Local
Government Code section 143.053(f) when the City sought a declaratory judgment;
and (2) error in granting summary judgment when there was a genuine issue of
material fact as to whether Bittle’s attorney’s fees were reasonable and
necessary.

JURISDICTION

Among its other
arguments, the City says Bittle was not entitled to mandamus relief because he
did not exhaust his administrative remedies under Chapter 143.  The City asserts that because it is the duty
of the commission to determine if Chapter 143 is being obeyed, Bittle should
have taken his post-examiner dispute to the commission.

Bittle says he is
not appealing the hearing examiner’s decision—he is trying to enforce it.  He states that mandamus is an appropriate
remedy to enforce a final hearing examiner’s decision when the City refuses to
comply with the decision and the Act.

If an administrative
agency has exclusive jurisdiction, a party must exhaust all administrative
remedies before seeking review of the agency’s action.  Cash
Am. Int’l, Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex. 2000). 
Until the party has exhausted all administrative remedies, a trial court
lacks subject matter jurisdiction and must dismiss any claim within the
agency’s exclusive jurisdiction.  Subaru of Am. v. David McDavid Nissan,
84 S.W.3d 212, 221 (Tex. 2002) (citing Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830
S.W.2d 88, 90 (Tex.1992); Tex. Bd. of
Exam'rs in Optometry v. Carp,
162 Tex. 1, 343 S.W.2d 242, 246 (Tex.1961)).

We agree with the
City that the dispute is grounded in whether the City violated Chapter 143 of
the Texas Local Government Code.  It was
clear that Bittle’s contention was that the City was violating section
143.053(f) by failing to pay the back pay using his method of calculation (i.e., no offset).  Thus, if the commission had exclusive
jurisdiction over disputes arising out of Chapter 143, the trial court lacked
subject matter jurisdiction over the underlying lawsuit.  Our only inquiry then is whether the commission
had exclusive jurisdiction over the dispute.[9]

An agency will have
exclusive jurisdiction only when a pervasive regulatory scheme indicates that
the Legislature intended for the regulatory process to be the exclusive means
of remedying the problem to which the regulation is addressed.  See
David McDavid Nissan, 84 S.W.3d at 221. 
Whether an agency has exclusive jurisdiction is a question of law.  Id. at 222.  

The purpose of the Fire
Fighters’ and Police Officers’ Civil Service Act (“Act”) is: “to secure
efficient fire and police departments composed of capable personnel who are
free from political influence and who have permanent employment tenure as
public servants.”  Tex. Loc. Gov’t Code § 143.001(a) (Vernon 1999). 
“The members of the Fire Fighters’ and Police Officers’ Civil Service
Commission shall administer this chapter in accordance with this purpose.”  Id. at § 143.001(b).  “The commission or a commission member
designated by the commission may investigate and report on all matters relating
to the enforcement and effect of this
chapter and any rules adopted under this chapter and shall determine if the chapter and rules are being obeyed.”  Id. at § 143.009(a) (emphasis added).  The legislature provided the commission with
tools to ensure compliance with Chapter 143. 
Id. at § 143.009(b) (administer oaths, issue
subpoenas, and cause depositions of witnesses).

Based on Texas Local
Government Code sections 143.001 and 143.009, we believe the commission’s role
was designed to create a fair, consistent, and orderly process to ensure
Chapter 143 is being obeyed.  See City of Houston v. Jackson, 42
S.W.3d 316, 322 (Tex. App.—Houston [14th Dist.] 2001, pet. dism’d w.o.j.).  The commission has specifically been given
the authority to ensure the enforcement of Chapter 143 and to determine if
Chapter 143 and the rules promulgated pursuant to Chapter 143 are being
obeyed.  Tex. Loc. Gov’t Code § 143.009 (Vernon 1999); see
also City of Garland v.
Byrd, 97 S.W.3d 601, 606 (Tex.
App.—Dallas 2002, pet. denied) (citing Tex.
Local Gov’t Code § 143.009).

We acknowledge that the
Act does not explicitly state the commission has “exclusive jurisdiction” over
a Chapter 143 dispute nor does it provide an explicit method to enforce a
decision of a hearing examiner.  However,
we believe the legislature intended that judicial intervention be the last
resort in disputes between civil servants and their employers arising under
Chapter 143.  We further note that a
firefighter who is dissatisfied with a decision of the commission, as opposed
to a hearing examiner, has an unfettered right to appeal to a district
court.  Tex.
Loc. Gov’t Code § 143.015 (Vernon 1999).

We conclude that the
commission has exclusive jurisdiction[10]
over Chapter 143 disputes.  The Act is a
pervasive regulatory scheme that indicates the Legislature intended for the
appeal process to the commission to be the exclusive means of remedying a
dispute that alleges a violation of the Act.[11]  See
David McDavid Nissan, 84 S.W.3d at 221. 
Bittle failed to exhaust his administrative remedies by not taking this back
pay/leave dispute to the commission for resolution.  Because he failed to exhaust his
administrative remedies, the district court lacked subject matter jurisdiction.  See David
McDavid Nissan, 84 S.W.3d at 221.

CONCLUSION

Because we find the
trial court lacked subject matter jurisdiction, we vacate the judgment and
dismiss this case.  Tex. R. App. P. 42.3(e).

 

 

FELIPE REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
dissenting)

Dismissed for lack of jurisdiction

Opinion delivered and filed November
 10, 2004

[CV06]











    [1]       A fire fighter can appeal an indefinite
suspension to an independent third party hearing examiner instead of to the
Fire Fighters’ and Police Officers’ Civil Service Commission (commission).  Tex.
Loc. Gov’t Code § 143.057(a) (Vernon 1999). 
The hearing examiner's decision is final and binding on all parties, and
the appealing fire fighter automatically waives all rights to appeal to a
district court except as provided by subsection (j).  Id. at 143.057(c) Subsection (j) allows an appeal
to a district court only on the grounds that the examiner was without
jurisdiction or exceeded his jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means. 
Id. at § 143.057(j).





 

    [2]       Bittle was on administrative leave with
pay from August 31, 2001 to September 4, 2001.





 

    [3]       The City argued for reconsideration for
reasons unrelated to this appeal.





 

    [4]       The City argued that Bittle could have
sought reconsideration with the City Manager to take advantage of the savings
clause.





    [5]       This reconsideration/clarification
decision did not state that “[t]he arbitrator maintains jurisdiction to
assist the parties” as the original decision did.  The statute is silent about the duration of
the examiner’s jurisdiction, and we express no opinion about it.





    [6]       Bittle argues that “his rights and
benefits lost as a result of the suspension” only include the 188.5
hours of sick leave that were not “cashed out”, and the benefits he would have
accrued during his time of suspension (75 hours sick leave, 75 hours vacation
leave, and 48 hours holiday).

 





    [7]       188.5 sick leave hours not “cashed out”
and 75 sick leave hours accrued during time of suspension.





    [8]       The Court also awarded Bittle reasonable
and necessary attorney’s fees in the amount of $14,600.00 for the prosecution
of the suit in the trial court and an additional $10,000.00 in attorney’s fees
in the event of an appeal.





    [9]       Issues of subject matter jurisdiction
cannot be waived by the parties and may be raised for the first time on
appeal.  Tex. Ass’n
of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440,
445 (Tex. 1993).





    [10]      Subject to the employee’s right to choose
a hearing examiner instead of the commission.





 

    [11]      We note Thomas v. Long, 97 S.W.3d 300, 303 (Tex. App.—Houston [14th Dist.] 2003, pet. granted), where the
court found the Sheriff’s Department Civil Service Commission did not have
exclusive jurisdiction.