171 S.W.3d 394 (2005)
P.B. MEEKEY and Michael Fulmer, Individually and on Behalf of All Others Similarly Situated, Appellants
v.
RICK'S CABARET INTERNATIONAL, INC., Texas Richmond Corporation d/b/a The Men's Club, Caligula XXI, D.S.S.S. Ariamerica, Inc., Mylonas Anargyros George d/b/a Baby Dolls Saloon, Ice Embassy, Inc. d/b/a Colorado Bar & Grill, The St. James Restaurant and Cabaret, and D.N.W. Houston, Inc., Appellees.
No. 14-04-00348-CV.
Court of Appeals of Texas, Houston (14th Dist.).
July 14, 2005.
*396 Sandra Thourot Krider, Houston, TX, for appellants.
Phillip R. Livingston, David W. Pace, Lauren Serper, Rokki Ford Robert, Albert Thomas Van Huff, Joseph M. Grant, Houston, TX, for appellees.
Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

OPINION ON REHEARING
CHARLES W. SEYMORE, Justice.
Appellees' motion for rehearing is overruled. The substitute opinion of April 28, 2005 is withdrawn and the court issues this opinion on rehearing.
In this appeal from a dismissal for want of jurisdiction, P.B. Meekey and Michael Fulmer, individually, and on behalf of all others similarly situated, appeal a judgment in favor of Rick's Cabaret International, Inc., Texas Richmond Corporation d/b/a The Men's Club, Caligula XXI, D.S.S.S. Ariamerica, Inc., Mylonas Anargyros George d/b/a Baby Dolls Saloon, Ice Embassy, Inc. d/b/a Colorado Bar & Grill, The St. James Restaurant and Cabaret, *397 and D.N.W. Houston, Inc. on the ground that the Finance Commission has exclusive or primary jurisdiction over a dispute concerning an alleged violation of section 339.001 of the Finance Code. We reverse and remand for proceedings consistent with this opinion.[1]

I. BACKGROUND
Appellants used credit cards to purchase dances at the clubs owned by appellees. Appellants allege the regular price for a dance is twenty dollars. When appellants used a credit card, however, they were charged twenty-five dollars. Appellants filed suit alleging the five dollar charge to their credit cards was an illegal surcharge in violation of section 339.001. Section 339.001 of the Finance Code prohibits a seller from imposing a "surcharge on a buyer who uses a credit card for an extension of credit instead of cash, a check, or a similar means of payment." As damages, appellants sought refund of the allegedly illegal surcharges. Appellees argue the dancers employed by their clubs are independent contractors who set their own prices and that they charge their customers an extra five dollars because that is the fee appellees charge the dancers for use of the clubs' credit card machines.
In the trial court, appellees filed motions to dismiss and pleas in abatement alleging the trial court did not have original jurisdiction over appellants' suit. The trial court found appellants' claims under section 339.001 are purely statutory, arise from a pervasive regulatory scheme, and fall within the Finance Commission's exclusive jurisdiction. The trial court further found the Finance Commission had primary jurisdiction over appellants' claims. Because it found no original jurisdiction, the trial court dismissed appellants' claims without prejudice. Appellant's motion for new trial was denied.

II. STANDARD OF REVIEW
Whether an agency has exclusive or primary jurisdiction is a question of law we review de novo. Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex.2002). Under a de novo standard, the appellate court exercises its own judgment and the trial court's decision is afforded no deference. Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).

III. EXCLUSIVE JURISDICTION
District courts are courts of general jurisdiction, presumed to have subject matter jurisdiction absent a showing to the contrary. Subaru, 84 S.W.3d at 220. Pursuant to the Texas Constitution, a district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. A similar presumption does not exist for administrative agencies, which may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency. In re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004). As a creature of the legislature, an agency exercises only those powers conferred by statute. Public Util. Comm'n v. *398 City Pub. Serv. Bd., 53 S.W.3d 310, 316 (Tex.2001). Because an agency's power is derived from a statute, whether it has exclusive jurisdiction depends on statutory interpretation. Subaru, 84 S.W.3d at 221. The existence of an agency's primary or exclusive jurisdiction to resolve an issue is determinative of whether a party must first exhaust administrative remedies before the trial court has subject matter jurisdiction over a dispute. Id. at 222.
Appellees contend the Finance Commission has exclusive jurisdiction over this dispute by virtue of the following statutes:
§ 11.304 Consumer Credit Rules
The finance commission may adopt rules necessary to supervise the consumer credit commissioner and ensure compliance with Chapter 14 and Title 4.
§ 14.101. General Duties of Commissioner
The commissioner shall enforce this chapter, Subtitles B and C of Title 4 and Chapter 394 in person or through an assistant commissioner, examiner, or other employee of the office.
Tex. Fin.Code Ann. §§ 11.304 & 14.101 (Vernon 1998).
The legislature granted the Texas Finance Commission authority to adopt rules necessary to supervise the Consumer Credit Commissioner and ensure compliance with Chapter 14 and Title 4 of the Finance Code. Tex. Fin.Code Ann. § 11.304 (Vernon 1998). Because Title 4 includes section 339.001, appellees argue the legislature has placed compliance with section 339.001 within the jurisdiction of the Finance Commission. Appellees further contend the commission's jurisdiction is exclusive because the grant of rulemaking authority in section 11.304 makes section 339.001 part of the pervasive regulatory scheme the legislature established through its creation of the Texas Finance Commission. The language in section 11.304, however, does not expressly grant the commission exclusive jurisdiction over a dispute under section 339.001. No remedy is listed in section 11.304 or section 339.001.
In construing a statute, our purpose is to give effect to the legislature's intent. See Gilbert v. El Paso County Hosp. Dist., 38 S.W.3d 85, 89 (Tex.2001). A statute that deprives a person of a common law right will not be extended beyond its plain meaning or applied to cases not clearly within its purview. St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 513 (Tex.1997). The language of section 11.304 does not clearly or plainly state that the legislature intended to replace a consumer's common law remedies with the exclusive remedy of seeking relief from the Finance Commission. See Thomas v. Long, 97 S.W.3d 300, 303 (Tex.App.-Houston [14th Dist.] 2003, pet. granted on other grounds) (holding statute which provided that commission "shall adopt, publish, and enforce rules" did not refer to exclusive jurisdiction).
Examples of statutory language conferring exclusive jurisdiction are found in section 32.001 of the Public Utility Regulatory Act ("Except as provided by Section 32.002, the Commission has exclusive original jurisdiction over the rates, operations, and services of an electric utility. . . .") In re Entergy Corp., 142 S.W.3d at 323; section 3.01(a) of article 4413(36) of the Texas Revised Civil Statutes ("The board has the exclusive, original jurisdiction to regulate those aspects of the distribution, sale, and leasing of motor vehicles as governed by this Act. . . .") See Subaru, 84 S.W.3d at 223; section 14.042(e) of the Water Code (the Texas Commission on Environmental Quality "shall have exclusive original jurisdiction over water and sewer utility rates, operations and services not within the incorporated *399 limits of a municipality exercising exclusive original jurisdiction over those rates, operations, and services. . . .") BCY Water Supply Corp. v. Residential Investments, Inc., 170 S.W.3d 596, 600, 2005 WL 332014, *2 No. 12-03-00249-CV (Tex.App.-Tyler Feb. 10, 2005, no pet. hist.) (not yet published); and section 111.104(b-f) of the Texas Tax Code, which provides an exclusive remedy for an aggrieved taxpayer to obtain a refund for overcharged sales tax. Burgess v. Gallery Model Homes, Inc. 101 S.W.3d 550, 553-54 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). The Finance Code contains no such language with regard to enforcement of section 339.001.
Section 14.101 gives the consumer credit commissioner authority to enforce Subtitles B and C of Title 4. Section 339.001, however, is found in Subtitle A of Title 4. Therefore, there is no explicit grant of exclusive jurisdiction in the statute.
The trial court found that even when the "magic" language of exclusive jurisdiction is absent, courts have found exclusive agency jurisdiction where there is a pervasive regulatory scheme. In Burgess v. Gallery Model Homes, the First Court of Appeals found the remedy for overpayment of sales tax was exclusively statutory and that a claimant had to exhaust administrative remedies before filing suit in district court. Id. at 557-58. In that case, a consumer sought refund of sales tax paid to a furniture company. The Tax Code provides that "[a] tax refund claim may be filed with the comptroller by the person who paid the tax or by the person's attorney, assignee, or other successor." Tex. Tax Code Ann. § 111.104(b) (Vernon 2001). The court found the Tax Code affords an exclusive remedy for an aggrieved taxpayer to obtain a refund for overcharged sales tax. Burgess, 101 S.W.3d at 554. The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law, but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects. Id. at 558. (emphasis added)
The Finance Code provisions at issue in this case do not constitute such a pervasive regulatory scheme. While section 339.001 prohibits assessment of a surcharge on credit card purchases, unlike the Tax Code, the Finance Code provides no remedy for the enforcement of section 339.001. Because the Finance Code does not confer exclusive original jurisdiction on the Finance Commission or the Consumer Credit Commissioner, the district court has subject matter jurisdiction. See Subaru, 84 S.W.3d at 221.

IV. PRIMARY JURISDICTION
Primary jurisdiction is an administrative law doctrine that arises when a court and an agency have concurrent original jurisdiction over a dispute. Cash America International, Inc. v. Bennett, 35 S.W.3d 12, 18 (Tex.2000). If a trial court determines an agency has primary jurisdiction, the court should abate the lawsuit and suspend final adjudication of the claim until the agency has had an opportunity to act. Subaru, 84 S.W.3d at 221. In such a case, courts must ask whether the policies underlying the primary jurisdiction doctrine require the court to defer to the agency's expertise and responsibility to develop regulatory policy. See Southwestern Bell Tel. Co. v. Public Util. Comm'n, 735 S.W.2d 663, 669-70 (Tex.App.-Austin 1987, no writ). The primary jurisdiction doctrine requires courts to permit an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview, and *400 (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, where courts and juries may reach different results under similar fact situations. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 208 (Tex.2002).
There is no evidence in the record that suggests (1) the Finance Commission is staffed with experts trained in handling surcharges on credit cards, and (2) any special expertise would be necessary to resolve appellants' claims. Appellees' primary defense is that they do not charge customers for dances, but the dancers, as independent contractors, charge the customers. Determining who is charging customers does not require the Finance Commission's special knowledge, experience, or services, nor does it require resolving technical matters. The Consumer Credit Commissioner is no more qualified to make that determination than a trial court or jury. Moreover, because the Finance Commission has promulgated no rules concerning section 339.001, a trial court's disposition would not lead to an inconsistent interpretation of the law. Consequently, the primary jurisdiction doctrine does not require trial courts to defer to the Finance Commission for resolution of this issue.

V. CONCLUSION
The Finance Commission has neither exclusive, nor primary jurisdiction over the dispute between appellants and appellees. The trial court erred in dismissing the cause for want of jurisdiction. Accordingly, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.
EDELMAN, J., concurs in result only.
NOTES
[1] During oral argument both parties seemed to acknowledge that the Finance Code does not authorize a private cause of action for violations of section 339.001; however, the trial court ruled that it had no jurisdiction and our disposition is limited to the jurisdictional issue raised by appellants.