Motion for Rehearing Overruled; Reversed and Remanded; Opinion of April
28, 2005 Withdrawn; and Opinion on Rehearing filed July 14, 2005









Motion for Rehearing Overruled; Reversed and Remanded;
Opinion of April 28, 2005 Withdrawn; and Opinion on Rehearing filed July 14,
2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00348-CV

_______________

 

P.B. MEEKEY AND MICHAEL FULMER, INDIVIDUALLY AND 

ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Appellants

 

V.

 

RICK=S
CABARET INTERNATIONAL, INC., TEXAS RICHMOND CORPORATION D/B/A THE MEN=S CLUB,

CALIGULA XXI, D.S.S.S. ARIAMERICA, INC., 

MYLONAS ANARGYROS GEORGE D/B/A BABY DOLLS SALOON, 

ICE EMBASSY, INC. D/B/A COLORADO BAR & GRILL, 

THE ST. JAMES RESTAURANT AND CABARET, AND 

D.N.W. HOUSTON, INC., Appellees

                                                                                                                                               


On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 03‑48581

                                                                                                                                               


 

O P I N I O N   O N   R E H E A
R I N G

Appellees= motion for
rehearing is overruled.  The substitute
opinion of April 28, 2005 is withdrawn and the court issues this opinion on
rehearing.








In this
appeal from a dismissal for want of jurisdiction, P.B. Meekey and Michael
Fulmer, individually, and on behalf of all others similarly situated, appeal a
judgment in favor of Rick=s Cabaret International, Inc., Texas Richmond
Corporation d/b/a The Men=s Club, Caligula XXI, D.S.S.S. Ariamerica, Inc., Mylonas
Anargyros George d/b/a Baby Dolls Saloon, Ice Embassy, Inc. d/b/a Colorado Bar
& Grill, The St. James Restaurant and Cabaret, and D.N.W. Houston, Inc. on
the ground that the Finance Commission has exclusive or primary jurisdiction
over a dispute concerning an alleged violation of section 339.001 of the
Finance Code.  We reverse and remand for
proceedings consistent with this opinion.[1]

I.  Background

Appellants
used credit cards to purchase dances at the clubs owned by appellees.  Appellants allege the regular price for a
dance is twenty dollars.  When appellants
used a credit card, however, they were charged twenty-five dollars.  Appellants filed suit alleging the five
dollar charge to their credit cards was an illegal surcharge in violation of
section 339.001.  Section 339.001 of the
Finance Code prohibits a seller from imposing a Asurcharge on a buyer who uses a
credit card for an extension of credit instead of cash, a check, or a similar
means of payment.@  As damages,
appellants sought refund of the allegedly illegal surcharges.  Appellees argue the dancers employed by their
clubs are independent contractors who set their own prices and that they charge
their customers an extra five dollars because that is the fee appellees charge
the dancers for use of the clubs= credit card machines.  








In the
trial court, appellees filed motions to dismiss and pleas in abatement alleging
the trial court did not have original jurisdiction over appellants= suit.  The trial court found appellants= claims under section 339.001 are
purely statutory, arise from a pervasive regulatory scheme, and fall within the
Finance Commission=s exclusive jurisdiction. 
The trial court further found the Finance Commission had primary
jurisdiction over appellants= claims.  Because it
found no original jurisdiction, the trial court dismissed appellants= claims without prejudice.  Appellant=s motion for new trial was denied.

II.  Standard of Review

Whether an agency has exclusive or
primary jurisdiction is a question of law we review de novo.  Subaru of America, Inc. v. David McDavid
Nissan, Inc., 84 S.W.3d 212, 222 (Tex. 2002).  Under a de novo standard, the appellate court
exercises its own judgment and the trial court=s decision is afforded no
deference.  Quick v. City of Austin,
7 S.W.3d 109, 116 (Tex. 1998).  

III.  Exclusive Jurisdiction








District courts are courts of general
jurisdiction, presumed to have subject matter jurisdiction absent a showing to
the contrary.  Subaru, 84 S.W.3d
at 220.  Pursuant to the Texas
Constitution, a district court=s jurisdiction Aconsists of exclusive, appellate, and
original jurisdiction of all actions, proceedings, and remedies, except in
cases where exclusive, appellate, or original jurisdiction may be conferred by
this Constitution or other law on some other court, tribunal, or administrative
body.@ 
Tex. Const. art. V, ' 8. 
A similar presumption does not exist for administrative agencies, which
may exercise only those powers the law confers upon them in clear and express
statutory language and those reasonably necessary to fulfill a function or
perform a duty that the Legislature has expressly placed with the agency.  In re Entergy Corp., 142 S.W.3d 316,
322 (Tex. 2004).  As a creature of the
legislature, an agency exercises only those powers conferred by statute.  Public Util. Comm=n v. City Pub. Serv. Bd., 53 S.W.3d 310, 316 (Tex.
2001).  Because an agency=s power is derived from a statute,
whether it has exclusive jurisdiction depends on statutory interpretation.  Subaru, 84 S.W.3d at 221.  The existence of an agency=s primary or exclusive jurisdiction
to resolve an issue is determinative of whether a party must first exhaust
administrative remedies before the trial court has subject matter jurisdiction
over a dispute.  Id. at 222.

Appellees contend the Finance
Commission has exclusive jurisdiction over this dispute by virtue of the
following statutes:  

' 11.304 Consumer Credit Rules

The finance commission may adopt rules necessary to
supervise the consumer credit commissioner and ensure compliance with Chapter
14 and Title 4.

 

' 14.101.  General Duties of Commissioner

The commissioner shall enforce this chapter, Subtitles
B and C of Title 4 and Chapter 394 in person or through an assistant
commissioner, examiner, or other employee of the office.

Tex. Fin.
Code Ann. '' 11.304 & 14.101 (Vernon 1998).

The legislature granted the Texas
Finance Commission authority to adopt rules necessary to supervise the Consumer
Credit Commissioner and ensure compliance with Chapter 14 and Title 4 of the
Finance Code.  Tex. Fin. Code Ann. ' 11.304 (Vernon 1998).  Because Title 4 includes section 339.001,
appellees argue the legislature has placed compliance with section 339.001
within the jurisdiction of the Finance Commission.  Appellees further contend the commission=s jurisdiction is exclusive because
the grant of rulemaking authority in section 11.304 makes section 339.001 part
of the pervasive regulatory scheme the legislature established through its
creation of the Texas Finance Commission. 
The language in section 11.304, however, does not expressly grant the
commission exclusive jurisdiction over a dispute under section 339.001.  No remedy is listed in section 11.304 or
section 339.001.  








In construing a statute, our purpose
is to give effect to the legislature=s intent.  See Gilbert v. El Paso County Hosp. Dist.,
38 S.W.3d 85, 89 (Tex. 2001).  A statute
that deprives a person of a common law right will not be extended beyond its
plain meaning or applied to cases not clearly within its purview.  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 513 (Tex.
1997).  The language of section 11.304
does not clearly or plainly state that the legislature intended to replace a
consumer=s common law remedies with the
exclusive remedy of seeking relief from the Finance Commission.  See Thomas v. Long, 97 S.W.3d 300, 303
(Tex. App.CHouston [14th Dist.] 2003, pet.
granted on other grounds) (holding statute which provided that commission Ashall adopt, publish, and enforce
rules@ did not refer to exclusive
jurisdiction).

Examples of statutory language
conferring exclusive jurisdiction are found in section 32.001 of the Public
Utility Regulatory Act (AExcept as provided by Section 32.002, the Commission has
exclusive original jurisdiction over the rates, operations, and services of an
electric utility. . . .@) In re Entergy Corp., 142 S.W.3d at 323; section
3.01(a) of article 4413(36) of the Texas Revised Civil Statutes (AThe board has the exclusive, original
jurisdiction to regulate those aspects of the distribution, sale, and leasing
of motor vehicles as governed by this Act. . . .@) See Subaru, 84 S.W.3d at
223; section 14.042(e) of the Water Code (the Texas Commission on Evironmental
Quality Ashall have exclusive original
jurisdiction over water and sewer utility rates, operations and services not
within the incorporated limits of a municipality exercising exclusive original
jurisdiction over those rates, operations, and services . . . .@) BCY Water Supply Corp. v.
Residential Investments, Inc., 2005 WL 332014, *2 No. 12-03-00249-CV (Tex.
App.CTyler Feb. 10, 2005, no pet. hist.)
(not yet published); and section 111.104(bBf) of the Texas Tax Code, which
provides an exclusive remedy for an aggrieved taxpayer to obtain a refund for
overcharged sales tax.  Burgess v.
Gallery Model Homes, Inc. 101 S.W.3d 550, 553B54 (Tex. App.CHouston [1st Dist.] 2003, pet.
denied).  The Finance Code contains no
such language with regard to enforcement of section 339.001.

 








Section 14.101 gives the consumer
credit commissioner authority to enforce Subtitles B and C of Title 4.  Section 339.001, however, is found in Subtitle
A of Title 4.  Therefore, there is no
explicit grant of exclusive jurisdiction in the statute.

The trial court found that even when
the Amagic@ language of exclusive jurisdiction
is absent, courts have found exclusive agency jurisdiction where there is a
pervasive regulatory scheme.  In Burgess
v. Gallery Model Homes, the First Court of Appeals found the remedy for
overpayment of sales tax was exclusively statutory and that a claimant had to
exhaust administrative remedies before filing suit in district court.  Id. at 557B58. 
In that case, a consumer sought refund of sales tax paid to a furniture
company.  The Tax Code provides that A[a] tax refund claim may be filed
with the comptroller by the person who paid the tax or by the person=s attorney, assignee, or other
successor.@  Tex.
Tax Code Ann. ' 111.104(b) (Vernon 2001).  The court found the Tax Code affords an
exclusive remedy for an aggrieved taxpayer to obtain a refund for overcharged
sales tax.  Burgess, 101 S.W.3d at
554.  The general rule is that where the
cause of action and remedy for its enforcement are derived not from the
common law, but from the statute, the statutory provisions are mandatory and
exclusive, and must be complied with in all respects.  Id. at 558. (emphasis added) 

The Finance Code provisions at issue
in this case do not constitute such a pervasive regulatory scheme.  While section 339.001 prohibits assessment of
a surcharge on credit card purchases, unlike the Tax Code, the Finance Code
provides no remedy for the enforcement of section 339.001.  Because the Finance Code does not confer
exclusive original jurisdiction on the Finance Commission or the Consumer
Credit Commissioner, the district court has subject matter jurisdiction.  See Subaru, 84 S.W.3d at 221.

IV.  Primary Jurisdiction








Primary jurisdiction is an
administrative law doctrine that arises when a court and an agency have
concurrent original jurisdiction over a dispute.  Cash America International, Inc. v.
Bennett, 35 S.W.3d 12, 18 (Tex. 2000). 
If a trial court determines an agency has primary jurisdiction, the
court should abate the lawsuit and suspend final adjudication of the claim
until the agency has had an opportunity to act. 
Subaru, 84 S.W.3d at 221. 
In such a case, courts must ask whether the policies underlying the
primary jurisdiction doctrine require the court to defer to the agency=s expertise and responsibility to
develop regulatory policy.  See
Southwestern Bell Tel. Co. v. Public Util. Comm=n, 735 S.W.2d 663, 669B70 (Tex. App.CAustin 1987, no writ).  The primary jurisdiction doctrine requires
courts to permit an administrative agency to initially decide an issue when:
(1) an agency is typically staffed with experts trained in handling the complex
problems in the agency=s purview, and (2) great benefit is derived from an agency=s uniformly interpreting its laws,
rules, and regulations, where courts and juries may reach different results
under similar fact situations.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 208 (Tex. 2002).

There is no evidence in the record
that suggests (1) the Finance Commission is staffed with experts trained in
handling surcharges on credit cards, and (2) any special expertise would be
necessary to resolve appellants= claims.  Appellees= primary defense is that they do not
charge customers for dances, but the dancers, as independent contractors,
charge the customers.  Determining who is
charging customers does not require the Finance Commission=s special knowledge, experience, or
services, nor does it require resolving technical matters.  The Consumer Credit Commissioner is no more
qualified to make that determination than a trial court or jury.  Moreover, because the Finance Commission has
promulgated no rules concerning section 339.001, a trial court=s disposition would not lead to an
inconsistent interpretation of the law. 
Consequently, the primary jurisdiction doctrine does not require trial
courts to defer to the Finance Commission for resolution of this issue.

V.  Conclusion








The Finance Commission has neither
exclusive, nor primary jurisdiction over the dispute between appellants and
appellees.  The trial court erred in
dismissing the cause for want of jurisdiction. 
Accordingly, we reverse the trial court=s judgment and remand for proceedings
consistent with this opinion.

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion on
Rehearing filed July 14, 2005.

Panel consists of Justices Edelman, Seymore, and Guzman.  (Edelman, J., concurs in result only.)

 

 

 











[1]  During oral
argument both parties seemed to acknowledge that the Finance Code does not
authorize a private cause of action for violations of section 339.001; however,
the trial court ruled that it had no jurisdiction and our disposition is
limited to the jurisdictional issue raised by appellants.