Tommy THOMAS, Sheriff of Harris County, Petitioner,

v.

Jeanne LONG, Respondent.

No. 03–0204.

Supreme Court of Texas.

Argued Feb. 11, 2004.

Decided April 21, 2006.

Michael A. Stafford, Harris County Attorney, Michael R. Hull, Harris County Attorney's Office, Houston, for Petitioner.

Bruce A. Coane, Ajay Choudhary, Coane & Associates, Houston, for Respondent.

Kristofer S. Monson, Asst. Solicitor General, Austin, for Amicus Curiae.

Justice WAINWRIGHT delivered the opinion of the Court.

This is an interlocutory appeal of a trial court's denial of a jurisdictional plea. Although the plea was made as part of a motion for summary judgment, the court of appeals had jurisdiction to consider the interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. We conclude that the court erred in determining that it was without jurisdiction to consider the appeal. However, we dismiss the claims relating to the respondent's reinstatement to her employment because her failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over those claims.[1]

## I. Factual and Procedural Background

The underlying dispute concerns the interpretation of an order issued by an administrative body. It is not an appeal from the administrative order itself. In a June 1, 2000 letter, the Harris County Sheriff's Department terminated Jeanne Long's employment as a jailer for violations of the Department's employee conduct manual. Long appealed her termination to the Harris County Sheriff's Department Civil Service Commission. Over a year later on September 6, 2001, the Commission determined that Long's termination was not supported by sufficient evidence and ordered the Department to reinstate Long with no loss of seniority or benefits. The Commission denied Long's request for reimbursement of wages. Long did not appeal the Commission's decision. In letters dated September 7, 2001, and November 7, 2001, the Department informed Long that she would be required to complete a physical ability test before returning to work. Long refused to take the test. The Department maintained its position that because Long had been absent from duty for more than twelve months, the Department's employee manual required Long to complete the physical ability test before returning to work. The Commission's order did not mention the test.

On November 13, 2001, Long filed suit in state district court against Harris County Sheriff Tommy Thomas and the Harris County Sheriff's Department[2] seeking a declaration that she was entitled to immediately return to work with no loss of seniority or benefits, without taking any tests, without re-applying for employment, but with back pay dating from the Commission's order. Long sought a writ of mandamus compelling Thomas to comply with the Commission's order, and she sought a temporary restraining order and temporary injunction allowing her to re-

---

1. The respondent's retaliation claim under section 21.055 of the Texas Labor Code, and claims for attorney's fees and back pay, are not part of this interlocutory appeal and remain pending at the trial court.

2. Long later amended her petition nonsuiting all claims against the Department.

turn to work immediately with no loss of seniority or benefits and without undergoing additional testing. Long's petition also included a retaliation claim under section 21.055 of the Texas Labor Code. Thomas asserted a partial plea in bar, contending that the trial court "should not exercise jurisdiction over any of Plaintiff's reinstatement claims because exclusive or primary jurisdiction over this matter has been given to the Harris County Sheriff's Department Civil Service Commission." The trial court never explicitly ruled on Thomas's partial plea in bar.

Long moved for partial summary judgment on the declaratory judgment and mandamus actions. Thomas filed a cross-motion for summary judgment on the same causes of action, arguing that the trial court lacked subject matter jurisdiction over those claims. Arguing in the alternative, Thomas requested the trial court to decline to exercise jurisdiction over the matter because the Commission had primary jurisdiction. Finally, Thomas argued that even if the trial court had jurisdiction, he was entitled to judgment as a matter of law on Long's mandamus and declaratory judgment actions. The trial court entered a partial judgment in favor of Long declaring that "[u]nder the Civil Service Commission's September 6, 2001 Order, (1) Plaintiff is entitled to immediately return to work with no loss of seniority or benefits, (2) Plaintiff does not need to perform any tests as a condition to returning to work, and (3) Plaintiff does not need to apply for re-employment." On

the same day, the trial court granted Thomas's motion for partial summary judgment in part and dismissed Long's request for mandamus relief. The court also entered an order identifying Long's claims for retaliation, attorney's fees, and back pay as the only remaining claims before the court.

Thomas filed a notice of an interlocutory appeal to challenge the court's "denial of his Plea to the Jurisdiction signed by [the trial court] on March 4, 2002." Thomas's notice also acknowledged that his "appeal includes all three of the orders signed by the Court on March 4, 2002 since all three orders relate to [Thomas's] dispute as to [the trial court's] jurisdiction." The court of appeals dismissed the appeal for lack of jurisdiction, explaining that "because our record does not contain an order granting or denying a plea to the jurisdiction, and because section 51.014(a) does not include an appeal of the denial of a summary judgment based on lack of subject matter jurisdiction, that statute does not explicitly provide that we have jurisdiction over this interlocutory appeal." 97 S.W.3d 300, 302. Thomas petitioned this Court for review.

## II. Jurisdiction of this Court

We have jurisdiction over this interlocutory appeal because there is a conflict among the courts of appeals on whether a governmental unit's challenge to subject matter jurisdiction is appealable if raised in a motion for summary judgment. TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c);[3]

---

3. The Legislature amended section 22.001 of the Texas Government Code, effective September 1, 2003. Act of June 2, 2003, 78th Leg., R.S., Ch. 204, § 1.04, 2003 Tex. Gen. Laws 847, 849–50 (codified as section 22.001(e) of the Texas Government Code). The amendment, which applies to actions filed on or after September 1, 2003 and therefore does not govern our jurisdiction in this case, provides that "one court holds different-

ly from another when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." The Legislature amended section 22.225 to add a similar provision. Act of June 2, 2003, 78th Leg., R.S. Ch. 204, § 1.02, 2003 Tex. Gen. Laws 847, 848–49 (codified as section 22.225(e) of the Texas Government Code).

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 223 (Tex.2004); *compare* 97 S.W.3d at 302, *and Brazos Transit Dist. v. Lozano,* 72 S.W.3d 442, 445 (Tex. App.—Beaumont 2002, no pet.) (dismissing interlocutory appeals from denials of motions for summary judgment challenging subject matter jurisdiction for lack of jurisdiction), *with Bexar County v. Gant,* 70 S.W.3d 289, 291–92 (Tex.App.—San Antonio 2002, pet. denied), *and Sw. Tex. State Univ. v. Enriquez,* 971 S.W.2d 684, 685 (Tex.App.—Austin 1998, pet. denied), *abrogated on other grounds by Kerrville State Hosp. v. Fernandez,* 28 S.W.3d 1, 6 (Tex. 2000) (assuming jurisdiction over interlocutory appeals of jurisdictional challenges raised in motions for summary judgments). We address both issues raised in this petition for review: (1) whether the court of appeals had subject matter jurisdiction to address Thomas's interlocutory appeal and (2) whether the trial court had jurisdiction to issue a declaratory judgment interpreting the Commission's order.

### III. Jurisdiction of the Court of Appeals

■ Generally, appeals may only be taken from final judgments or orders. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Qwest Commc'ns Corp. v. AT & T Corp.,* 24 S.W.3d 334, 336 (Tex.2000); *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides an exception to this general rule by allowing an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001."

Thomas's appeal to the court of appeals challenged the trial court's interlocutory orders denying his motion for partial summary judgment disputing the trial court's subject matter jurisdiction. The court of appeals concluded that it lacked jurisdiction for two reasons. 97 S.W.3d at 302. First, it concluded there was no final judgment disposing of all issues and parties, observing that one of the trial court's orders explicitly identified pending claims, which include claims for retaliation, attorney's fees, and back pay. *Id.* Second, the court held that because the "record does not contain an order granting or denying a plea to the jurisdiction, and because section 51.014(a) does not include an appeal of the denial of summary judgment based on lack of subject matter jurisdiction, that statute does not explicitly provide that [the court of appeals has] jurisdiction over this interlocutory appeal." *Id.*

■ Relying on *Speer v. Stover,* Long argues that the trial court properly denied Thomas's plea because the Department conceded that the trial court had jurisdiction over at least one claim. 685 S.W.2d 22 (Tex.1985). In *Speer,* this Court held that a trial court's order sustaining a misnomered plea in abatement, which challenged the trial court's subject matter jurisdiction, was a final and appealable order. 685 S.W.2d at 23. Comparing the effect of the two pleas, the Court stated that "[s]ustaining a plea to the jurisdiction requires dismissal; sustaining a plea in abatement requires that the claim be abated until removal of some impediment." *Id.* Long argues this means if the trial court lacks jurisdiction over some claims but not others, it must deny the plea. We disagree. As we recognized in *American Motorists Insurance Company v. Fodge,* it is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction. 63 S.W.3d 801, 805 (Tex.2001) (holding that the trial court erred in dismissing all claims but the

court of appeals erred in requiring the reinstatement of all claims); *see also Tex. Highway Dept. v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967) ("As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal . . . ."). A trial court is not required to deny an otherwise meritorious plea to the jurisdiction or a motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims. *See Fodge,* 63 S.W.3d at 805. To the extent some courts of appeals have held otherwise, we disapprove of those holdings. *See Aledo Indep. Sch. Dist. v. Choctaw Props., L.L.C.,* 17 S.W.3d 260, 262–63 (Tex.App.—Waco 2000, no pet.); *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.,* 35 S.W.3d 772, 773 (Tex.App.—Houston [1st Dist.] 2000, pet. dism'd w.o.j.), *disavowed on other grounds by City of Houston v. Northwood Mun. Util. Dist. No. 1,* 74 S.W.3d 183 (Tex.App.—Houston [1st Dist.] 2002, no pet.); *Life Mgmt. Ctr. for MH/MR Servs. v. Cruz,* No. 08–03–00121–CV, 2003 WL 22923927, at *3–*4 (Tex. App.—El Paso Dec.11, 2003, no pet.) (mem.op.).

The court of appeals correctly observed that the record does not contain an order explicitly denying a plea to the jurisdiction. Thomas did not file a document titled "plea to the jurisdiction" with the trial court. However, Thomas's summary judgment motion clearly challenged the trial court's subject matter jurisdiction. The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used.[4] TEX. CIV. PRAC. & REM. CODE

§ 51.014(a)(8); *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *see also Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999) (holding that the availability of interlocutory appeal from a section 15.003(a) joinder decision is not "constrained by the form or caption of a pleading" but will be determined by "the substance of a motion to determine the relief sought, not merely its title"). To the extent some courts of appeals have held otherwise, we disapprove of those holdings. *See* 97 S.W.3d at 302; *Lozano,* 72 S.W.3d at 445; *City of Garland v. Rutherford,* No. 05–98–00295–CV, 1998 WL 652318, at *4 & n. 1 (Tex.App.—Dallas Sept.24, 1998, no pet.) (not designated for publication).

■ To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge. In this case, none of the trial court's orders on the parties' cross-motions for summary judgment *explicitly* denied the relief sought in the section of Thomas's motion for summary judgment challenging the trial court's subject matter jurisdiction. However, the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. TEX. R. APP. P. 33.1(a)(2)(A). Because a trial court cannot reach the merits of a case without subject matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993), a trial court that rules on the merits of an issue without explicitly rejecting an asserted ju-

---

4. We refer to "governmental unit" as defined by section 101.001 of the Texas Civil Practice and Remedies Code.

risdictional attack has implicitly denied the jurisdictional challenge. *See, e.g., Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 762 (6th Cir.1999); *Ahuna v. Dep't of Hawaiian Home Lands*, 64 Haw. 327, 640 P.2d 1161, 1165 n. 9 (1982). By ruling on the merits of Long's declaratory judgment claim, the trial court necessarily denied Thomas's challenge to the court's jurisdiction. That implicit denial satisfies section 51.014(a)(8) of the Texas Civil Practice and Remedies Code and gives the court of appeals jurisdiction to consider Thomas's interlocutory appeal.

## IV. Jurisdiction of the Trial Court— Exhaustion of Remedies

■ Thomas contends that the trial court lacked subject matter jurisdiction because the Commission had exclusive jurisdiction over Long's reinstatement claims, and Long failed to exhaust her administrative remedies before filing this suit.

■ Whether the Commission has exclusive jurisdiction over this dispute is a question of law that we review de novo. *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex.2002). Texas district courts are courts of general jurisdiction with the power to "hear and determine any cause that is cognizable by courts of law or equity" and to "grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE § 24.007–.008; *see also* TEX. CONST. art. V, § 8; *David McDavid Nissan*, 84 S.W.3d at 220; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). In contrast, administrative bodies only have the powers conferred on them by clear and express statutory language or implied powers that are reasonably necessary to carry out the Legislature's intent. *David McDavid Nissan*, 84 S.W.3d at 220; *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 652 (Tex.2004). When the Legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *David McDavid Nissan*, 84 S.W.3d at 221. If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Id.* Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. *Id.*

Determining whether the Commission has exclusive jurisdiction requires examination and construction of the relevant statutory scheme. *Id.* Here, there is no express legislative indication of exclusive jurisdiction. Thus, we look to the legislative scheme to determine if the Legislature intended the Commission to have sole authority to make the initial determination in this dispute. *Id.* at 223.

Sections 158.033 and 158.034 of the Texas Local Government Code permit the creation of a sheriff's department civil service system and a commission in certain counties. Thomas contends that subsection 158.035(a) of the Texas Local Government Code vests the Commission with exclusive jurisdiction over the dispute in this case. Section 158.035, titled "Powers of the Commission," provides in relevant part:

(a) The commission shall adopt, publish, and enforce rules regarding:

(1) selection and classification of employees;

(2) competitive examinations;

(3) promotions, seniority, and tenure;

(4) layoffs and dismissals;

(5) disciplinary actions;

(6) grievance procedures;

(7) the rights of employees during an internal investigation; and

(8) other matters relating to the selection of employees and the procedural and substantive rights, advancement, benefits, and working conditions of employees.

TEX. LOC. GOV'T CODE § 158.035(a). Thus, the Commission is authorized by statute to regulate employment matters in the sheriff's department. The Harris County Sheriff's Department Civil Service Regulations detail the rules and procedures adopted by the Commission. HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 1.01–19.01. The regulations address employment position classification, employment criteria, disciplinary actions (including layoffs and dismissals) and appeals, grievances, and performance evaluations, among other things. *Id.* R. 4.01–.06, 6.01–.02, 12.01–.05, 13.01–.04, 15.01–.08. One of these regulations, Rule 12.03(a), states that "[n]o employee shall be subject to any disciplinary action [including termination] except for just cause."[5]

▮▮▮▮▮ Absent an express agreement to the contrary, Texas is an employment-at-will state. *City of Odessa v. Barton,* 967 S.W.2d 834, 835 (Tex.1998). Subject to certain exceptions, employment is terminable at any time by either party with or without cause. *Barton,* 967 S.W.2d at 835; *see Fed. Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993); *see also East Line & Red River R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). However, an employer may modify the employment terms of the at-will status of

its employees. *Barton,* 967 S.W.2d at 835. In this case, the Commission's rules implement procedures for disciplinary actions, including termination for just cause. HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 12.03(a). The regulations describe the initial parts of the appellate process: within the prescribed time periods, an employee may appeal a disciplinary action to the sheriff; after that, the employee may appeal the sheriff's decision to the Commission. *Id.* R. 12.04. Section 158.037 of the Texas Local Government Code then provides for a "substantial evidence" review of the Commission's decision by the district court.[6] As we have recognized, an employee subject to for-cause termination has a property interest in continued employment sufficient to entitle the employee to judicial review of an administrative decision to terminate employment. *Barton,* 967 S.W.2d at 835–36.

Although the statute authorizing the creation of the Commission does not contain the words "exclusive jurisdiction," as many statutes granting an administrative body exclusive jurisdiction do, it authorizes the Commission to extend specified rights to employees that are not available at common law. By promulgating Rule 12.03(a), as authorized by the Local Government Code, the Commission vested Department employees with for-cause employment status, which they have only because the Commission conferred that right on them. To enforce those rights, employees must follow the procedures enumerated in the Commission's rules as authorized by stat-

---

5. The Regulations define "Disciplinary action" as "any action taken against an employee by the Department due to improper conduct by the employee that will result in termination, suspension, demotion, reduction in rank, or refusal to rehire at the end of a contractual period." HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 12.01.

6. Presumably because Long's appeal to the Commission was successful, she did not pursue judicial review of the order. The constitutionality of the standard of review provided by the Code was not challenged.

ute. *See Bullock v. Amoco Prod. Co.,* 608 S.W.2d 899, 901 (Tex.1980). We hold that once the employees of a department elect to create a commission, and the commission's rules create rights employees would not have at common law, the commission obtains exclusive jurisdiction over those matters. *See* TEX. LOC. GOV'T CODE § 158.032–.033, .035.

We therefore conclude that the Commission had exclusive jurisdiction over the employment dispute in this case. Long exercised her rights under the Commission's scheme when she appealed her termination by the sheriff to the Commission. Her appeal was successful—the Commission overturned Long's termination and ordered that she be allowed to return to work with no loss of seniority or benefits. Nothing in our record indicates whether Thomas or Long raised the physical ability test requirement with the Commission, and the Commission did not address the issue in its order. In a letter dated the day after the Commission's order, the Department notified Long that, according to its interpretation of the order, she would be required to complete a physical ability test upon her return to work after a year-long absence. Long did not return to the Commission to obtain a decision regarding the Department's enforcement of a physical ability test requirement. If she had, and she received an adverse decision, she could have appealed to the district court. Instead, she bypassed the Commission and filed this suit seeking interpretation and enforcement of the Commission's first order. Although Long obtained a decision in her favor regarding reinstatement, the law requires Long to exhaust her administrative remedies by obtaining a Commission decision regarding Thomas's refusal to allow her to return to work without completing a physical ability test. She failed to do so. For these reasons, the trial court did not have subject matter jurisdiction over Long's reinstatement claims.

The fact that Long fashioned this suit as a declaratory judgment action does not change this analysis. The subject matter of her declaratory judgment action—the interpretation of the Commission's order as it applies to completing a physical ability test—is the same subject matter over which the Legislature intended the Commission to exercise exclusive jurisdiction. The trial court was without subject matter jurisdiction to issue a declaratory judgment in this case and erred in denying Thomas's jurisdictional challenge.

## V. Conclusion

For the reasons stated above, we reverse the court of appeals' judgment and render judgment dismissing for lack of subject matter jurisdiction Long's claims relating to her reinstatement.