IN THE
TENTH COURT OF APPEALS
No. 10-11-00127-CV


JOYSTENE MOORE,

Appellant

 v.

MICHELLE MILLER, AS NEXT FRIEND
FOR STACIE WOODBERRY,

Appellee

From the 335th District Court
Burleson County, Texas
Trial Court No. 25,557

## CONCURRING AND DISSENTING OPINION

There are claims made in some cases for which the jurisdictional facts are inextricably intertwined with the merits of the claim and, therefore, cannot be resolved by a pretrial plea to the jurisdiction. This case involves one such claim. And there are also cases in which some claims, but not all claims, can be disposed of by a plea to the jurisdiction. This is also one of those cases.

The fundamental disputed issue in this case, around which the plea to the jurisdiction revolves, is whether the incident out of which this suit arises was simply the implementation of a policy or rule of the school, or whether it was discipline for

violation of a rule. There is a very limited waiver of sovereign immunity and the exhaustion of remedies requirements if the facts establish excessive force or negligence resulting in bodily injury while administering discipline.

The controlling factual issue seems to be whether Moore's action was the result of Moore's unhappiness or dissatisfaction with the work that Stacie was doing leading to imposition of discipline, or whether Stacie was not ready to work, in essence the equivalent of doing no work, and thus was being moved from the table according to the policy or rule. This is a rather fine distinction but, nevertheless, an important one.

Specifically, it appears that there is a question of whether the rule or the policy of the school was that you could not occupy a seat at the table if you were not doing your work. If such was the policy, it would not necessarily be discipline to keep a student from sitting at the table if they were not working. Rather, it is implementation of the school policy or rule.[1]

Moore, as I understand her arguments, contends that she was implementing school policy within the confines of the discretion afforded her as a professional employee of a school district. Thus, Moore contends that Miller's pleadings are not for an act of excessive force or negligence in the course of disciplining Stacie that resulted in personal injury. If Moore is correct, that what she was doing was not discipline, then the exception in the Board Policy to the requirement to exhaust administrative remedies for IDEA students, *see* 20 USCS §§ 1400 et seq., does not apply and Miller has failed to

---

[1] I also note there is a factual dispute which is irrelevant to this proceeding because we must accept the pleading as true. The fact question is whether Moore forcefully removed Stacie from the chair and onto the floor or whether, after Moore had moved the chair to allow Stacie to move away from the table, Stacie flopped to the floor expressing her own displeasure at having to leave the table. This is a question of fact about what Moore did, or the actual event; a question of "what happened." The question about our jurisdiction is of "why it happened;" policy or discipline.

exhaust her administrative remedies. This would result in a dismissal of Miller's claims. Further, also based on the determination that what Moore was doing was not discipline, the exception to immunity for a professional employee of a school district does not apply; in which case, Moore is immune. TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2011).

Because Miller has adequately alleged that Moore's actions were disciplinary in nature, and because the trial court must accept that allegation as true, the trial court did not err in refusing to dismiss Miller's claim for damages resulting from excessive force in the discipline of Stacie. I, therefore, concur in the Court's judgment to that extent.

But Miller has also asserted claims for ordinary negligence and simple assault which are independent of her claim for excessive force in the discipline of Stacie. To the extent that Miller's allegations are a claim that Moore was negligent or committed an assault on Stacie, as opposed to using excessive force in the discipline of Stacie, Moore is immune and the claim should be dismissed. *See Thomas v. Long*, 207 S.W.3d 334, 338-339 (Tex. 2006). This is because Miller has not exhausted her administrative remedies and also because Moore is immune, as a professional employee of a school, for negligence or assault resulting in injury to Stacie. Therefore, I would order that Miller's claims for negligence and assault are dismissed. Because the Court does not order these claims dismissed, I respectfully dissent.

TOM GRAY
Chief Justice

Concurring and dissenting opinion delivered and filed February 1, 2012