**Opinion issued March 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-01039-CV**

————————————

**CITY OF BAYTOWN, SCOTT WILLIAMS, AND RON BOTTOMS,**
**Appellants**

**V.**

**APTBP, LLC D/B/A BAY POINTE APARTMENTS AND GATESCO, INC.,**
**Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-30625**

---

**MEMORANDUM OPINION**

Appellants City of Baytown, Scott Williams, and Ron Bottoms attempt an interlocutory appeal of an alleged November 6, 2015 oral ruling of the trial court denying their plea to the jurisdiction. The City of Baytown is a municipal corporation

located in Harris and Chambers Counties, Scott Williams is the chief building official for the City of Baytown, and Ron Bottoms is the former acting city manager for the City of Baytown.

Generally, this Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2015) (authorizing appeals from certain interlocutory orders). Although Section 51.014(a)(8) of the Texas Civil Practice & Remedies Code allows interlocutory appeals of orders granting or denying a plea to the jurisdiction by a governmental unit, the record in this case contains neither a written nor an oral ruling on appellants' plea to the jurisdiction. *See* TEX CIV. PRAC. & REM. CODE § 51.014(a)(8). In the absence of either an express or implicit ruling on appellants' plea to the jurisdiction, this interlocutory appeal presents no ruling for which this Court has jurisdiction to review. *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."); *see also Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

On February 9, 2016, the Clerk of this Court notified the parties that this Court might dismiss this appeal for want of jurisdiction unless appellants timely filed a response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Appellants failed to file a timely response.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Massengale, and Huddle.