**DISMISS and Opinion Filed September 23, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-22-00588-CV**
**No. 05-22-00707-CV**

**THE STATE OF TEXAS, Appellant**

**V.**

**XIMENA LOPEZ, M.D. AND**
**CHILDREN'S MEDICAL CENTER AT DALLAS, Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-02427-B**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

The State of Texas intervened in the underlying lawsuit brought by Dr. Ximena Lopez against Children's Medical Center at Dallas (CMC). The State appeals from the trial court's interlocutory orders granting appellees' agreed temporary injunction and striking its petition in intervention. We questioned our jurisdiction over both appeals. At the Court's direction, the parties filed letter briefs addressing the jurisdictional issues.

**Background**

Dr. Lopez is a pediatric endocrinologist practicing at CMC. She filed a lawsuit against CMC seeking a temporary restraining order, temporary injunction, and original petition for permanent injunction and declaratory relief. By her lawsuit, Dr. Lopez sought to restrain CMC from interfering in her treatment of patients with gender dysphoria. Six days after Dr. Lopez filed her lawsuit, the State filed a petition in intervention. Dr. Lopez filed special exceptions to the intervention, moved to strike the intervention, and also asserted counterclaims against the State. On May 23, the trial court granted an agreed temporary injunction enjoining, in part, CMC from interfering with Dr. Lopez's providing gender affirming endocrinology care to her patients. On June 14, the State filed a plea to the jurisdiction challenging the trial court's jurisdiction over Dr. Lopez's claims against CMC and over the counterclaims against it. Following a hearing on Dr. Lopez's special exceptions, the trial court signed an order on July 7, 2022 striking the State's petition in intervention. In the order, the trial court found (1) the State failed to show that it had a justiciable interest that was more than contingent or remote, (2) the Attorney General's Office failed to establish its standing to intervene in the name of the State because there are no state actors and the issues do not challenge the constitutionality of any law, (3) no state interest is implicated to give rise to standing of the State to intervene, and (4) Dr. Lopez nonsuited her counterclaims and, thus, the State has no justiciable interest in the lawsuit as a counter-defendant.

**Order Striking Petition in Intervention**

We questioned our jurisdiction in the State's appeal of the order striking its petition in intervention. In its letter brief, appellant concedes the review of the order striking its petition in intervention is properly addressed in its pending petition for writ of mandamus.

In both its notice of appeal of the order striking its petition in intervention and its jurisdictional brief, however, the State proposes another path by which this Court can review the order striking its petition in intervention. It does so by construing the order striking its intervention as an order denying its plea to the jurisdiction which is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The State asked the trial court to consider its plea to the jurisdiction before conducting the hearing on Dr. Lopez's special exceptions to the intervention. Because the trial court refused to do so, the State argues, the trial court *implicitly* denied its plea to jurisdiction. However, in our view, the cases the State relies upon do not support its position. *See Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006); *Abbott v. Jenkins*, No. 05-21-00733-CV, 2021 WL 5445813, at *5 n.3 (Tex. App.—Dallas Nov. 22, 2021, pet. pending) (mem. op.). The plaintiff in *Thomas* filed a motion for partial summary judgment on two of her claims and the defendant filed a cross-motion for summary judgment in which he challenged the trial court's jurisdiction over those claims. *See id.* at 337. The trial court granted the plaintiff's motion and the defendant appealed. The court of appeals dismissed the appeal

–3–

because the record did not contain an order denying the plea to the jurisdiction. The Supreme Court reversed. In doing so, the court reasoned that the trial court's granting partial summary judgment constituted an implicit rejection of the defendant's jurisdictional challenges asserted in his cross-motion for summary judgment because the trial court could not have reached the merits without subject matter jurisdiction. *Id*. at 339-40. Unlike *Thomas*, in this case, the trial court did not have to consider the merits of the case to determine whether to strike the State's intervention.

The State also relies on this Court's opinion in *Abbott v. Jenkins*, No. 05-21-00733-CV, 2021 WL 5445813, at *5 n.3 (Tex. App.—Dallas Nov. 22, 2021, pet. pending) (mem. op.). In *Abbott*, the appellants, parties in the underlying case, appealed from a temporary injunction over which we did have jurisdiction. *See id*. at *1; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). The appellants had also filed a plea to the jurisdiction in the case. Recognizing that an order granting a temporary injunction enjoining the appellants is an implicit denial of their plea to jurisdiction, this Court addressed both the order denying the plea to the jurisdiction and the order granting the temporary injunction. *See id*. at *5 n.3. *See also Tex. Educ. Agency v. Houston I.S.D.*, No. 03-20-00025-CV, 2020 WL 7757365, at *1 (Tex. App.—Austin Dec. 30, 2020, pet. granted) (mem. op.) (same); and *Beaumont I.S.D. v. Guillory*, No. 09-15-00531-CV, 2016 WL 2766078, at *5 (Tex. App.—Beaumont May 12, 2016, no pet.) (mem. op.) (same).

–4–

In the cases cited by the State, none of the appellants were parties who had had a petition in intervention stricken. Moreover, in each case, the trial court made a merits-based ruling involving the appellants. In contrast, in striking the State's intervention here, the trial court did not make any ruling on the merits that could be construed as an implicit denial of its plea to the jurisdiction.

**Order Granting Agreed Temporary Injunction**

Because the State is no longer a party in the underlying lawsuit, we questioned whether it lacks standing to appeal the agreed temporary injunction. Because standing is a component of subject-matter jurisdiction, "an appeal filed by an improper party must be dismissed." *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015). "Generally only parties of record may appeal a trial court's judgment." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006)). Standing requires that the controversy adversely affect the party who filed the appeal. *See McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001).

In its letter brief, the State asserts it has standing to appeal the agreed temporary injunction because it was a party at the time it filed the notice of appeal of that order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Being a party at the time the notice of appeal was filed, however, does not mean that the State has met the standing requirement that it be adversely affected by the temporary injunction. The temporary injunction affects only Dr. Lopez and CMC, it does not impact the State.

Alternatively, the State asserts that it has standing to appeal the temporary injunction because the University of Texas Southwestern Medical Center is bound by the temporary injunction. It relies on the doctrine of virtual representation. To benefit from the doctrine of virtual representation, the appellant must show "(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment." *Naylor*, 466 S.W.3d at 789. As noted above, the underlying lawsuit does not involve the constitutionality of any state law. The State is not bound by the temporary injunction and it does not share an interest with any party to the order. Thus, we conclude State has not met the requirements for standing by way of virtual representation.

**Conclusion**

Having determined we lack jurisdiction over both interlocutory orders, we dismiss these appeals. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220588F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-00588-CV      V.

XIMENA LOPEZ, M.D. AND
CHILDREN'S MEDICAL CENTER
AT DALLAS, Appellees

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-02427-
B.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

It is **ORDERED** that appellees XIMENA LOPEZ, M.D. AND CHILDREN'S
MEDICAL CENTER AT DALLAS recover their costs of this appeal from appellant
THE STATE OF TEXAS.

Judgment entered September 23, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-00707-CV      V.

XIMENA LOPEZ, M.D. AND
CHILDREN'S MEDICAL CENTER
AT DALLAS, Appellees

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-02427-
B.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees XIMENA LOPEZ, M.D. AND CHILDREN'S MEDICAL CENTER AT DALLAS recover their costs of this appeal from appellant THE STATE OF TEXAS.

Judgment entered September 23, 2022