**Dismiss and Opinion Filed November 13, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00617-CV

## MICHAEL LEWIS AND MICHELLE SHUMATE, Appellants
## V.
## MICHAEL PORAY AND PAIGE PORAY A/N/F M.P., A MINOR CHILD,
### Appellees

### On Appeal from the 191st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-23-06449

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

Appellants appeal from the associate judge's "Order denying Defendants'

Plea to the Jurisdiction[.]" Because no appealable order has been signed, we dismiss

the appeal. *See* TEX. R. APP. P. 42.3(a).

Appellees filed the underlying suit against appellants, assistant principals at

appellees' son's high school, seeking a declaratory judgment and temporary

injunctive relief. In response, appellants filed a plea to the jurisdiction. The

associate judge heard argument on the plea at the temporary injunction hearing, and

following the hearing, signed an order titled "Order Denying Plaintiffs' Motion for Temporary Injunction Nunc Pro Tunc." The order recites in its entirety as follows:

> On June 2, 2023, the Court considered Plaintiff's motion to grant a Temporary Injunction against Defendants Michael Lewis and Michelle Shumate.
>
> After conducting an evidentiary hearing, and considering the pleadings and arguments of counsel, the Court **DENIES** the Request for Temporary Injunction. It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiffs' motion for a Temporary Injunction is **DENIED**.
>
> All other relief requested is hereby **DENIED**.

Although appellants appeal from the "Order denying Defendants' Plea to the Jurisdiction[,]" no such order was signed. Instead, relying on *Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006), appellants construed the order denying temporary injunctive relief as implicitly denying their plea, "because, without jurisdiction, [the associate judge] did not have the authority to rule on [the] request for [injunctive relief]." 207 S.W.3d at 339-40 ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction (citation omitted), a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge.").

In a letter questioning our jurisdiction, we noted that, to the extent the order denying temporary injunctive relief might have implicitly denied the plea, the order was not yet appealable because the referring court had not signed it. *See* TEX. GOV'T CODE ANN. § 54A.116(b),(c) (together providing that the date an agreed or default

–2–

order is signed by the associate judge is the controlling date for the purpose of an appeal to an appellate court; an appeal from all other orders signed by the associate judge is controlled by the date the referring court signs the order). We directed appellants to file jurisdictional briefing, but although they complied, they failed to address our concern. Accordingly, on the record before us, we dismiss the appeal. *See id.* § 54A.116(b); TEX. R. APP. P. 42.3(a).

/Ken Molberg//

230617f.p05
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL LEWIS AND
MICHELLE SHUMATE, Appellants

No. 05-23-00617-CV          V.

MICHAEL PORAY AND PAIGE
PORAY A/N/F M.P., A MINOR
CHILD, Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-06449.
Opinion delivered by Justice
Molberg, Justices Reichek and Smith
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Michael Poray and Paige Poray a/n/f M.P., a minor child, recover their costs, if any, of this appeal from appellants Michael Lewis and Michelle Shumate.

Judgment entered this 13th day of November, 2023.