**Motion granted, Appeal dismissed, and Memorandum Opinion filed March 28, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00164-CV

---

## CITY OF HOUSTON AND HOUSTON AIRPORT SYSTEM, Appellants

## V.

## CHRISTOPHER GRINER, Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-10130**

---

## MEMORANDUM OPINION

This is an attempted interlocutory appeal associated with (1) a plea to the jurisdiction and (2) a motion for summary judgment and severance, both based on governmental immunity.[1] The notice of appeal filed March 5, 2024 contended the

---

[1] Although the motions are styled as if they are solely brought on behalf of appellant City of Houston, the notice of appeal contents those motions were jointly brought by the City of Houston and appellant Houston Airport System. While it appears that the Houston Airport System is a city department and not an independent governmental entity, we need not decide the status of

trial court "entered" an order denying those motions on March 5, 2024. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (permitting appeals "from an interlocutory order of a district court" that "grants or denies a plea to the jurisdiction by a governmental unit"); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought. *See* Tex. Civ. Prac. & Rem. Code § 51.014[.]"). However, the clerk's record does not contain any signed order denying either motion. Appellee Christopher Griner has filed a motion to dismiss the interlocutory appeal based on the lack of a signed order.

Appellant City of Houston has filed a response contending the trial court implicitly denied at least one of the jurisdictional motions because the trial court called the case for trial while leaving the motions pending. *See Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006). In *Thomas*, although the trial court did not expressly deny the motion for summary judgment that challenged the trial court's subject-matter jurisdiction, the Texas Supreme Court concluded there had been an implicit ruling on the jurisdictional challenge when the trial court ruled on the merits of that claim. *Id.* at 339-40. In reaching this conclusion, the Texas Supreme Court held that "a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." *Id.*

This appeal is distinguishable from *Thomas*. The appellate record does not reflect any ruling on the merits of Griner's claims after the filing of the City's motions challenging subject-matter jurisdiction. The most that can be said is that the

---

the Houston Airport System in this order.

2

trial court was allowing a jury trial to proceed while the motions were pending.

We grant appellee's motion and dismiss this interlocutory appeal for want of subject-matter jurisdiction. Tex. R. App. P. 42.2(a).

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.