

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. PD-0522-21, PD-0523-21, PD-0524-21, & PD-0525-21

### EX PARTE ROBBIE GAIL CHARETTE, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS WASHINGTON COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY and KEEL, JJ., joined.**

### DISSENTING OPINION

The exclusive-jurisdiction doctrine applies only "[w]hen the Legislature grants an administrative body the sole authority to make an initial determination in a dispute."[1] The dispute at issue here is whether Appellant should be convicted of a criminal offense. The Texas Ethics Commission has *no* jurisdiction to find someone guilty and impose criminal punishment. On its own, the Commission can at most determine whether there has been an Election Code violation as

---

[1] *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. Crim. App. 2006).

a civil matter and impose a civil penalty or an order requiring compliance.[2]

As far as criminal matters go, the Commission is permitted only to "refer matters to the appropriate prosecuting attorney for criminal prosecution."[3] This is not an "initial determination" of whether someone should be convicted. It is simply a notification to the appropriate prosecuting authority that there might be a criminal offense worth prosecuting. This notification allows the Commission to disclose matters that would otherwise be confidential.[4]

Nothing in the statute says that a decision by the Ethics Commission is required before a criminal prosecution may be initiated. The legislature knows how to explicitly vest exclusive jurisdiction in a non-criminal decision-maker before allowing a criminal prosecution. It did so for juvenile cases. In the Family Code, the legislature has specified:

> This title covers the proceedings in all cases involving the delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child within the meaning of this title at the time the person engaged in the conduct, and, except as provided by Subsection (h) or Section 51.0414, the juvenile court has *exclusive original jurisdiction* over proceedings under this title.[5]

The Family Code also explicitly refers to waiving that exclusive jurisdiction to allow a criminal prosecution to proceed: "The juvenile court may waive its *exclusive original jurisdiction* and transfer a child to the appropriate district court or criminal district court for criminal proceedings."[6]

---

[2] *See* TEX. GOV'T CODE §§ 571.172 (cease and desist order or order to require compliance), 571.173 (civil penalty).

[3] *Id.* § 571.171(a).

[4] *Id.* § 571.171(c).

[5] TEX. FAM. CODE § 51.04(a) (emphasis added).

[6] *Id.* § 54.02(a) (emphasis added).

There is no comparable language vesting exclusive jurisdiction in the Ethics Commission to decide matters before a criminal prosecution can proceed.

Absent statutory language expressly vesting exclusive jurisdiction, an administrative agency can acquire exclusive jurisdiction only when a right it created is the basis for the lawsuit.[7] In *Thomas v. Long*, upon which the Court relies, a jailer who was terminated from the Harris County Sheriff's Department sought to reverse that termination under civil service rules by filing suit in district court.[8] Texas is ordinarily an "at will" state that allows termination of employment without cause.[9] An administrative agency changed that for the Harris County Sheriff's Department by imposing civil service protections.[10] The administrative agency that imposed civil service protections also specified an administrative process for appealing a termination.[11] To enforce her rights under the civil service rules, the terminated employee needed to first follow the administrative procedures prescribed by the agency that created those rights.[12]

---

[7] *See Thomas*, 207 S.W.3d at 341 ("Although the statute authorizing the creation of the Commission does not contain the words 'exclusive jurisdiction,' as many statutes granting an administrative body exclusive jurisdiction do, it authorizes the Commission to extend specified rights to employees that are not available at common law. . . . *To enforce those rights*, employees must follow the procedures enumerated in the Commission's rules as authorized by statute.") (ellipsis inserted, emphasis added).

[8] *Id.* at 336.

[9] *Id.* at 341.

[10] *Id.* at 340-41.

[11] *Id.* at 341 ("The regulations describe the initial parts of the appellate process: within the prescribed time periods, an employee may appeal a disciplinary action to the sheriff; after that, the employee may appeal the sheriff's decision to the Commission.").

[12] *Id.* at 341-42.

This case is not comparable. The lawsuit at issue here is the criminal prosecution. The prosecutor is the one pursuing the remedy, not the criminal defendant. The Texas Ethics Commission did not create (and could not have created) the laws making certain election-related conduct a crime. Because the Election Code offenses are not creations of the Ethics Commission, the Ethics Commission cannot, without express legislative authorization, require the State to first avail itself of an administrative remedy.[13]

I respectfully dissent.

Filed: September 11, 2024
Publish

---

[13] I express no opinion about whether the legislature could confer exclusive jurisdiction on the Texas Ethics Commission without violating the Separation of Powers provision of the Texas Constitution.