# Supreme Court of Texas

No. 23-0457

Juana Herrera, Jose Lopez-Torres, Blanca Martinez, Juan Zamora, San Juanita Sosa, America Rios, Ruth Garza, Angel Perez Alanis, Juan Trevino, Maria Margarita Martinez, and the Association of the Hoehn Subdivision

*Petitioners*,

v.

Estella Mata, in her official capacity, Robert L. Bell, in his official capacity, Tomas Garcia, in his official capacity, Mark J. Fryer, in his official capacity, William Davis, in his official capacity, Cosme Martinez, in his official capacity, and Hidalgo County Irrigation District No. 1,

*Respondents*

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

**PER CURIAM**

This case arises from an irrigation district's effort to levy and collect disputed charges over twenty years old. Several affected homeowners sued the district, claiming that the refusal to remove the charges from the tax rolls is an ultra vires act, in derogation of the district officials' ministerial duty to comply with the Tax Code's twenty-

year limitations period. The irrigation district responds that its officials are immune from suit because, in its view, the disputed charges are not taxes subject to the Tax Code's limitations provision, but instead are Water Code assessments that have no governing limitations period.

The trial court granted the district officials' jurisdictional plea without permitting discovery. The court of appeals affirmed in part, concluding that the pleadings do not support an ultra vires claim under the Tax Code. Because the homeowners have pleaded facts sufficient to demonstrate the trial court's jurisdiction over their ultra vires claim, we reverse.

**I**

In 2019, Hidalgo County Irrigation District No. 1 hired an outside firm to find and collect delinquent amounts owed to it. The firm sent ten homeowners a statement of "delinquent taxes" for amounts accrued each year from 1983 to 1998. The statements reflect that the total amount of "delinquent taxes" for each homeowner is between $237 and $255. The statements impose additional amounts for interest and attorney's fees for each charge, totaling between $1,139 and $1,211 per homeowner.

Upon receiving these notices, the homeowners requested that the District remove the charges from the tax rolls because the charges are over twenty years old. *See* TEX. TAX CODE § 33.05(c) ("If there is no pending litigation concerning the delinquent tax at the time of the cancellation and removal, the collector for a taxing unit shall cancel and remove from the delinquent tax roll . . . a tax on real property that has been delinquent for more than 20 years."). Despite the "delinquent

taxes" description of the charges found in each of the statements, the District refused to remove the charges, citing its additional authority to levy "assessments" not subject to a limitations period under the Water Code. *See* TEX. WATER CODE § 58.509 ("Charges or assessments imposed by [an irrigation] district for maintenance and operation of works, facilities, and services of the district shall constitute a lien against the land to which the charges or assessments have been established. No law providing limitation against actions for debt shall apply.").

The homeowners then sued the District's officials, seeking declaratory and injunctive relief to remove the charges from the tax rolls.[1] The homeowners attached the statements that purported to charge them for "delinquent taxes" and a tax foreclosure judgment from a previous case in which the District had sued a similarly situated homeowner to foreclose its tax lien under Tax Code provisions.

The officials filed a jurisdictional plea. The officials did not rely on evidence to support the plea but instead point to the homeowners' alternative claims asserted under the Water Code. These alternative claims, the officials contend, meant that the homeowners had pleaded themselves out of a Tax Code ultra vires claim by conceding that the disputed charges are not taxes. The trial court denied the homeowners' discovery requests and dismissed their claims for lack of jurisdiction.

---

[1] The homeowners are Juana Herrera, Jose Lopez-Torres, Blanca Martinez, Juan Zamora, San Juanita Sosa, America Rios, Ruth Garza, Angel Perez Alanis, Juan Trevino, and Maria Margarita Martinez. They sued District Tax Collector Estella Mata and the District board's leadership—Robert Bell, Tomas Garcia, Mark Fryer, William Davis, and Cosme Martinez—in their official capacities.

The court of appeals affirmed in relevant part.[2] ___ S.W.3d ___, 2023 WL 3010538, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 20, 2023). It held that the trial court lacked jurisdiction over the Tax Code claim because the homeowners never sought a refund from the tax assessor and the District had clarified in a letter to the homeowners that the amounts it had characterized as "delinquent taxes" were instead "assessments" under the Water Code. The homeowners petitioned this Court for review.

**II**

A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015). When, as in this case, a jurisdictional plea rests solely on the sufficiency of the pleadings, courts must "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the pleader. *Id.* In addition, a plaintiff "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). We grant a jurisdictional plea challenging the pleadings only if the pleadings "affirmatively negate" jurisdiction. *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). The trial

_____

[2] The court of appeals reversed the trial court's grant of the plea as to the homeowners' two separate claims regarding ultra vires action by the District under the Water Code. Those claims are not before this Court.

4

court's ruling on a plea to the jurisdiction is a question of law we review de novo.  *Id.*

Political subdivisions of the state, including irrigation districts, are entitled to governmental immunity absent legislative waiver. *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Water Irrigation Dist. No. 1*, 669 S.W.3d 178, 182 (Tex. 2023).  "Whether governmental immunity has been waived in a given case implicates subject-matter jurisdiction."  *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 130 (Tex. 2024).  However, governmental immunity does not bar ultra vires claims "seek[ing] to bring government officials into compliance with statutory or constitutional provisions." *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019).  A successful ultra vires challenge must demonstrate that a government official "acted without legal authority or failed to perform a purely ministerial act."  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

In this case, the homeowners argue that the disputed charges are taxes, and the Tax Code mandates that the taxing authority "shall cancel and remove" taxes on real property that are delinquent for more than twenty years absent pending litigation at the time of removal.  TEX. TAX CODE § 33.05(c).  District officials refused to remove the twenty-plus-year-old charges, thus failing to perform a purely ministerial act.  *Heinrich*, 284 S.W.3d at 372.  The officials respond that the disputed charges are assessments and thus the Tax Code does not require their removal.  The officials filed no evidence in support of this assertion.

5

Without evidence to consider, resolution of this issue turns on the sufficiency of the pleadings. To prevail, the homeowners must properly allege facts demonstrating that (1) the charges are taxes, (2) the taxes remained unpaid (or delinquent) for more than twenty years, and (3) no related litigation was pending at the time of the request to remove the disputed charges.

We conclude that the homeowners carried their burden to allege facts that affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226. They alleged that (1) they "received delinquent tax statements from the District demanding payments for taxes between the years 1983 to 1998," (2) the "statements were sent more than twenty years after the original tax amounts were due," and (3) the "District has no pending delinquent tax litigation" against any of them. Viewed liberally in favor of the homeowners, the pleadings sufficiently allege an ultra vires claim that does not implicate the District's governmental immunity. *See id.* at 231 (requiring pleadings to "provide[] sufficient notice to ascertain the nature and basic issues of the controversy and the evidence that probably would be relevant").

The District relies on facts alleged elsewhere in the pleadings to contend that the pleadings affirmatively negate jurisdiction. *See id.* at 227. The District prevailed in the court of appeals by observing: (1) the District was authorized to levy Water Code assessments during the years in issue in addition to tax assessments; (2) the District never listed the disputed charges as delinquent on the property appraisal rolls or on public lists of delinquent taxes; (3) the District never sued to recover the taxes; (4) the homeowners did not apply for tax refunds; and (5) after the

6

homeowners demanded removal of the disputed charges, the District clarified to the homeowners that the charges are in fact assessments, not taxes.

We disagree that the homeowners failed to sufficiently plead an ultra vires claim under the Tax Code. Although the homeowners' pleadings recognize that the District has the authority to levy Water Code assessments in some instances, such a recognition does not negate the District's concurrent power to levy taxes on the same properties. *See* TEX. WATER CODE § 58.463, .508(2) (authorizing irrigation districts to levy taxes to repay bonds and pay for the maintenance and operation of facilities). Recognizing the District's dual authority does not undercut the homeowners' position that the District levied these charges as taxes.

So too with the pleaded fact that the allegedly delinquent charges have not appeared on public tax rolls in the past. A district can tax on "the basis of assessment of benefits on an equal sum per acre," not just as an ad valorem tax. *Id.* § 58.502(3). And though the District did not sue the homeowners to collect delinquent taxes during the intervening decades, it also did not sue them to collect delinquent assessments. The fact that the District decided to levy these charges twenty years after the fact says nothing about their character as a tax or an assessment.

According to the pleadings, two homeowners paid some of the disputed charges and requested a refund from the District's counsel rather than following the process for refunds found in the Tax Code. *See* TEX. TAX CODE § 31.11(a) (mandating a refund when the taxpayer applies for a refund to the tax collector, the collector agrees that a refund was owed, and an auditor agrees with the collector's determination).

7

The homeowners' failure to follow the refund process in this unusual series of events reveals nothing about the nature of the disputed charges themselves. A post hoc clarification in a letter from the District's counsel that the disputed charges are assessments, not taxes, after the homeowners requested their removal from the tax rolls also does not establish their character.

Finally, the homeowners' recognition of the District's position is not a concession that the position has merit; it is plain from the pleadings that the homeowners disagree with the District's characterization. In urging the contrary, the District ignores the overall structure of the pleadings, which contain allegations made in the alternative. The homeowners complain of three ultra vires actions: refusing to remove the delinquent taxes; levying a Water Code assessment on a property outside its jurisdiction; and providing improper notice of that assessment. The last two claims are styled as "alternative" to the tax-removal claim.

An alternative claim for relief does not diminish the homeowners' primary claim that the District has interposed taxes beyond its authority to collect under the Tax Code's limitations provision. Under Texas Rule of Civil Procedure 48:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or

8

equitable grounds or both.

TEX. R. CIV. P. 48.

Consistent with the acceptance of alternative pleadings, subject matter jurisdiction is a claim-by-claim inquiry. *Thomas v. Long*, 207 S.W.3d 334, 338-39 (Tex. 2006). By recognizing (and challenging) the District's view, the homeowners' pleadings do not concede that the disputed charges are assessments. The sort of "incurable defect" that results in a party's pleading itself out of court is not present in the homeowners' pleadings. *Miranda*, 133 S.W.3d at 226.

\*　　\*　　\*

We hold that the homeowners have alleged facts sufficiently demonstrating subject matter jurisdiction over their Tax Code ultra vires claim. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment as to that claim, and remand the case to the trial court for proceedings consistent with this opinion.

**OPINION DELIVERED:** December 6, 2024

9