

# NUMBER 13-26-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ERNIE ALONZO, MICHELE PEÑA
OSCAR SALINAS, AND DR. MARIO
SALINAS,**                                                                                            **Appellants,**

**v.**

**PAUL ROCHA, AS NEXT FRIEND
OF N.R.,**                                                                                            **Appellee.**

---

### ON APPEAL FROM THE 476TH DISTRICT COURT
### OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina**

Appellants Ernie Alonzo, Michele Pena, Oscar Salinas, and Dr. Mario Salinas filed

a notice of appeal in this matter on grounds that the trial court had implicitly denied their

plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).[1] On May 4, 2026, the Clerk of the Court notified appellants that it appeared that there was not a final, appealable order, requested appellants to correct this defect, and advised appellants that the appeal would be dismissed if the defect were not corrected. *See* Tex. R. App. P. 42.3(a), (c).

On May 13, 2026, appellants filed a brief in support of appellate jurisdiction in this case. They assert that the trial court implicitly denied their plea to the jurisdiction by issuing orders disqualifying appellants' counsel, striking their pleadings, and ordering appellants to obtain new counsel. Appellants contend that, "The disqualification could not have been issued by the trial court without an assertion of jurisdiction."

The Supreme Court of Texas has held that a jurisdictional plea may be implicitly denied:

> To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge. In this case, none of the trial court's orders on the parties' cross-motions for summary judgment explicitly denied the relief sought in the section of Thomas's motion for summary judgment challenging the trial court's subject matter jurisdiction. However, the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). Because a trial court cannot reach the merits of a case without subject matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993), a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge. *See, e.g., Soberay Mach. &*

---

[1] In a related petition for writ of mandamus, appellants asserted in relevant part that the trial court abused its discretion by failing to rule on their plea to the jurisdiction. By separate memorandum opinion issued this same date, we have denied their petition for writ of mandamus. *See In re Alonzo*, No. 13-26-340-CV, 2026 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg June __, 2026, orig. proceeding) (mem. op.).

*Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 762 (6th Cir.1999); *Ahuna v. Dep't of Hawaiian Home Lands*, 64 Haw. 327, 640 P.2d 1161, 1165 n. 9 (1982). By ruling on the merits of Long's declaratory judgment claim, the trial court necessarily denied Thomas's challenge to the court's jurisdiction. That implicit denial satisfies section 51.014(a)(8) of the Texas Civil Practice and Remedies Code and gives the court of appeals jurisdiction to consider Thomas's interlocutory appeal.

*Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006). Here, the trial court has not explicitly ruled on appellants' plea to the jurisdiction. Further, the trial court's ruling on the disqualification of counsel does not constitute a ruling on the merits of the case or on any claims which would be subject to appellants' jurisdictional challenge. Therefore, the trial court's orders do not serve as an implicit denial of the plea to the jurisdiction. *See id.*

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed for lack of jurisdiction. *See id.* Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Chief Justice

Delivered and filed on the
9th day of June, 2026.

3