**Opinion issued April 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00913-CV

————————————

**TEXAS SOUTHERN UNIVERSITY, TEXAS SOUTHERN UNIVERSITY PRESIDENT LEISA CRUMPTON-YOUNG AND GENERAL COUNSEL HAO LE, Appellants**

**V.**

**MARY YOUNG, Appellee**

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2022-77744

## MEMORANDUM OPINION

We deny rehearing, withdraw our previous opinion and judgment of February 22, 2023, and issue the following opinion in its stead.

Appellants Texas Southern University, Texas Southern University President Leisa Crumpton-Young, and General Counsel Hao Le (collectively, "TSU") attempt to appeal from the trial court's implicit ruling on an amended plea to the jurisdiction in an underlying suit brought by appellee Mary Young.

We dismiss the appeal for lack of jurisdiction.

## Background

On November 30, 2022, Young sought mandamus relief, declaratory relief, and an application for a temporary restraining order and a temporary and permanent injunction against TSU regarding Young's employment as TSU's Chief of Police. An ancillary court granted a temporary restraining order in favor of Young on December 1, 2022. The next day, another ancillary court granted expedited discovery.

On December 5, 2022, TSU filed a plea to the jurisdiction. On the same day, TSU also sought reconsideration and a protective order to stay discovery. On December 6, 2022, TSU requested the trial court to hear its plea to the jurisdiction and its Motion for Reconsideration and Motion for Protective Order to Stay Discovery at an emergency hearing previously set for December 8.

On December 7, 2022, another ancillary court granted a TRO in favor of Young. And, on the evening of December 7, 2022, TSU filed an amended plea to the jurisdiction.

2

During the morning of the December 8 hearing, TSU attempted to argue its amended plea to the jurisdiction. The trial court reminded TSU that it had already notified TSU on a telephone conference earlier in the day that it would not be addressing the plea to the jurisdiction at the hearing since it was not prepared to rule—especially since TSU filed the amended plea the day before.

On the afternoon of December 8, TSU filed this interlocutory appeal of the trial court's "implicit denial of the Defendants' First Amended Plea to the Jurisdiction during the December 8, 2022 hearing."

On January 5, 2023, this Court notified TSU that it appeared we lack jurisdiction. TSU responded to our notice within its appellate brief.

**Analysis**

Before considering the substantive issues presented, we must first determine whether we have jurisdiction over this interlocutory appeal. *See Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). Whether we have jurisdiction is a question of law that we consider de novo. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals because they "'are a narrow exception to the general rule' that 'appellate courts generally only have

3

jurisdiction over final judgments.'" *Bonsmara Nat. Beef*, 603 S.W.3d at 390 (quoting *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)). The statute applicable here provides that a person may appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

It is undisputed that the trial court has not issued a written order granting or denying TSU's amended plea to the jurisdiction. Nonetheless, TSU argues that the trial court could have made an implicit ruling which would give this Court interlocutory appellate jurisdiction. *See, e.g.*, *Thomas v. Long*, 207 S.W.3d 334, 337 (Tex. 2006) (holding that trial court's order ruling on merits of declaratory judgment claim constituted implicit denial of plea to jurisdiction and was appealable under section 51.014(a)(8)).

Relying on Texas Rule of Appellate Procedure 33.1, TSU contends that the trial court denied its plea because TSU "stated the grounds for the ruling it sought with sufficient specificity to have made the trial court aware of what it wanted and the grounds for it" and "it must have received a ruling, either explicit or implicit, or a refusal to rule to which it objected." *See* TEX. R. APP. P. 33.1. TSU thus contends that it made the trial court aware that it wanted a dismissal of the case based on sovereign immunity and that "it received an implicit ruling, in the refusal to

4

reconsider or stay the discovery it had ordered, and a refusal to rule, to which it objected."

TSU's reliance on Rule 33.1 is misplaced. Rule 33.1 governs the preservation of appellate complaints. *See* TEX. R. APP. P. 33.1. It does not confer interlocutory jurisdiction on this Court. *See Hamlett v. Hamlett*, No. 01-04-01097-CV, 2006 WL 241484, at *2 (Tex. App.—Houston [1st Dist.] Feb. 2, 2006, no pet.) (mem. op.) (noting that Rule 33.1(a)(2)(A) does not constitute authority that confers jurisdiction on the Court).

Moreover, the record does not show that any implicit ruling on the plea to the jurisdiction occurred here. To the contrary, the trial court expressly stated on the record at the December 8, 2022 hearing that it was not making a ruling on the plea to the jurisdiction at that time; especially since the amended plea to the jurisdiction had been filed just 24 hours before the December 8 hearing. Accordingly, because this record does not show that the trial court made any ruling on the plea to the jurisdiction, we lack jurisdiction over this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

TSU alternatively argues that we should construe its appeal as a writ of mandamus and issue a writ directing the trial court to stay discovery and rule on TSU's amended plea to the jurisdiction. After considering TSU's appeal as a

petition for writ of mandamus, we conclude that TSU is not entitled to mandamus relief. *See* TEX. R. APP. P. 52.8(a).

## Conclusion

We dismiss the appeal for lack of jurisdiction, and we deny mandamus relief.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.