

# NUMBER 13-24-00587-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF HIDALGO, INDIVIDUALLY
AND CITY OF HIDALGO, TEXAS
MUNICIPAL FACILITIES CORPORATION
D/B/A PAYNE ARENA,                                          Appellants,

v.

ANITA SALDANA,                                              Appellee.

## ON APPEAL FROM THE 389TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

Appellants, the City of Hidalgo, individually, and the City of Hidalgo, Texas Municipal Facilities Corporation d/b/a Payne Arena (collectively, the City) attempts to appeal the trial court's docket control order entered on November 25, 2024. The City

contends that the docket control order implicitly denied its plea to the jurisdiction based on sovereign immunity. Upon review of the documents before the Court, it appears that the docket control order from which this appeal was taken was not a final appealable order. We dismiss the appeal for want of jurisdiction.

## I.    BACKGROUND

On September 27, 2024, appellee Anita Saldana filed her original petition against the City and AEG Presents Productions, LLC for premises liability and negligence for injuries she sustained at a concert event at Payne Arena on October 1, 2022.[1] On October 28, 2024, the City filed its original answer asserting special exceptions to Saldana's claims, sovereign immunity, and affirmative defenses. On the same day, the City filed its plea to the jurisdiction and motion for summary judgment, requesting that the trial court dismiss Saldana's claims for lack of jurisdiction based on sovereign immunity.

The trial court subsequently issued scheduling orders in November 2024. On November 19, 2024, Saldana filed her amended petition and on the same day, the City filed its "Motion to Abate and/or Limit Discovery and to Continue Trial Setting." On November 25, 2024, the trial court entered its docket control order. Among other things, the docket control order set final pre-trial conference for October 2, 2025, and set a jury trial for October 6, 2025. The order also stated that the "deadline for completion of all discovery including supplementation are pursuant to the Texas Rules of Civil Procedure."

On November 27, 2024, the City filed an answer to Saldana's amended petition and its notice of interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014

---

[1] AEG Presents Productions, LLC is not a party to this appeal.

(setting forth the statutory grounds to appeal an interlocutory order).

## II. APPELLATE JURISDICTION

This matter is before the Court on its own motion. We review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Thus, we address whether we have appellate jurisdiction to review the trial court's docket control order at issue in this case.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 526 S.W.3d 693, 698 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 571 S.W.3d 738, 741 (Tex. 2019) ("The legislature . . . has specified circumstances in which a litigant may appeal immediately from an otherwise unappealable order because a final judgment has not been rendered."). "An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute." *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024).

A statutory provision permits appeals of an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in [Texas Civil Practice and Remedies Code §] 101.001." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). In its notice of interlocutory appeal, the City contends that it was appealing the trial court's "setting of the trial date for November 25, 2024." *id*. The City attached the trial court's docket control order to its appeal and asserted that said order implicitly denied its plea to the jurisdiction and motion for summary judgment, citing to *Thomas v. Long*.

3

207 S.W.3d 334, 339–40 (Tex. 2006). In *Thomas*, the Texas Supreme Court held that the intermediate court of appeals had subject matter jurisdiction to address Thomas's interlocutory appeal of an order that did not explicitly deny his challenge to the trial court's subject matter jurisdiction:

> To be entitled to an interlocutory appeal, [§] 51.014(a)(8) requires the denial of a jurisdictional challenge. In this case, none of the trial court's orders on the parties' cross-motions for summary judgment *explicitly* denied the relief sought in the section of Thomas's motion for summary judgment challenging the trial court's subject matter jurisdiction. However, the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. TEX. R. APP. P. 33.1(a)(2)(A). Because a trial court cannot reach the merits of a case without subject matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993), a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge. *See*, *e.g.*, *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 762 (6th Cir. 1999); *Ahuna v. Dep't of Hawaiian Home Lands*, 64 Haw. 327, 640 P.2d 1161, 1165 n.9 (1982). By ruling on the merits of Long's declaratory judgment claim, the trial court necessarily denied Thomas's challenge to the court's jurisdiction. That implicit denial satisfies [§] 51.014(a)(8) of the Texas Civil Practice and Remedies Code and gives the court of appeals jurisdiction to consider Thomas's interlocutory appeal.

*Id.* In this case, as in *Thomas*, there is no order in the record explicitly denying the City's plea to the jurisdiction and motion for summary judgment. However, unlike *Thomas*, there is no order in the record by which the trial court issued "rulings on the merits of some claims." *Id.* Nor can we reasonably construe the trial court's docket control order as an order implicitly denying the City's plea to the jurisdiction and motion for summary judgment as said order does not grant or deny the motion nor the merits of any claim. *See id.* Therefore, we have no jurisdiction because the docket control order is not an

4

appealable interlocutory order under § 51.014(a)(8). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

Texas Civil Practice and Remedies Code provides that:

(d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Id.* § 51.014(d). The record contains no order of the trial court providing the City permission to appeal its docket control order. *See id.* Thus, we further conclude we have no jurisdiction to review the docket control order pursuant to § 51.014(d). *See id.*

Additionally, the City contends in its notice of interlocutory appeal that it was appealing "[i]n the alternative, . . . the trial court's failure to restrict the scope of discovery," and averred that "there is no order limiting or allowing targeted discovery." We have reviewed the documents on file and have confirmed there is no such order granting or denying any portion of the City's "Motion to Abate and/or Limit Discovery and to Continue Trial Setting."

### III.    CONCLUSION

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195. The Court, having considered the documents on file is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R.

5

APP. P. 42.3(a). Accordingly, the appeal is dismissed for want of jurisdiction.[2] *See id*. R. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
17th day of July, 2025.

---

[2] Any pending motions are dismissed as moot.